**SO ORDERED.**

**SIGNED August 10, 2017.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-51014 |
| KNIGHT ENERGY HOLDINGS, LLC, *ET AL*[1] | (JOINTLY ADMINISTERED) |
| DEBTORS | CHAPTER 11 |
| | JUDGE ROBERT SUMMERHAYS |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-50105); Knight Manufacturing, LLC (0600) (Case No. 17-50106); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51018); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (0000) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (0000) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (0000) (Case No. 17-51028). The Debtors' service address is 2272 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 1042 Forum Drive, Broussard, Louisiana 70518.

**ORDER (A) ESTABLISHING A BAR DATE AND GOVERNMENTAL BAR DATE FOR FILING OF PROOFS OF CLAIM, INCLUDING CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE (B) APPROVING THE BAR DATE NOTICE, AND (C) AUTHORIZING THE DEBTORS TO PROVIDE NOTICE OF THE BAR DATE AND (D) PROVIDING OTHER RELIEF**

Considering the *Motion for an Order (A) Establishing a Bar Date and Governmental Bar Date for Filing of Proofs of Claim, including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code (B) Approving the Bar Date Notice and (C) Authorizing the Debtors to Provide Notice of the Bar Date and (D) Providing for Other Relief Sought Herein* **[Dkt. #19]** ("Motion")[2] filed by the above captioned debtors and debtors-in-possession (collectively, the "Debtors"), and after due deliberation, and sufficient cause existing to grant the Motion and appearing due notice being provided and no further notice is necessary;

**IT IS ORDERED** that the Motion is **GRANTED**;

**IT IS FURTHER ORDERED** that **September 29, 2017 at 4:30 PM Prevailing Central Time** is established as the **Bar Date** for filing proofs of claim (the "Bar Date") for all persons or entities, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, and trust;

**IT IS FURTHER ORDERED** that **February 5, 2018 at 4:30 PM Prevailing Central Time** is established as the **Governmental Bar Date** for filing proofs of claim (the "Bar Date") for governmental units;

**IT IS FURTHER ORDERED** that each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust and/or governmental unit that asserts an unpaid Claim (as defined in the Bankruptcy Code) against the Debtors, including, for the avoidance of doubt, but not limited to, secured claims, priority claims, claims arising under section 503(b)(9) of the Bankruptcy Code, claims for taxes,

---

[2] Capitalized terms not used but not defined herein shall have the meaning ascribed to them in the Motion.

accounts payable, alleged torts, and/or claims arising from or under pre-petition contracts, leases or agreements, that arose before the Petition Dates ("Pre-Petition Claim"), regardless of whether such Pre-Petition Claim is contingent, disputed, inchoate or unliquidated, is required to file a written proof of claim which substantially conforms to Official Form No. 10 to the Federal Rules of Bankruptcy Procedure, so as to be received on or before the Bar Date, or if a governmental unit, on or before the Governmental Bar Date, either electronically or by mail or delivery by hand, courier, or overnight service to the offices of the clerk of this Court.

**IT IS FURTHER ORDERED** that each claimant must file a proof of claim in the Debtor's bankruptcy case for which it asserts a claim **AGAINST THAT PARTICULAR DEBTOR**.

**IT IS FURTHER ORDERED** that, notwithstanding the foregoing, the holders of the following Pre-Petition Claims (collectively, the "Excluded Claims") are not required to file a proof of claim and are not subject to the Bar Date or Governmental Bar Date:

- A. Any holder of a Pre-Petition Claim who has already filed a proof of claim against a Debtor with the Clerk of this Court in the proper bankruptcy case utilizing the claim form which substantially conforms to Official Form No. 10;

- B. Any holder of a Pre-Petition Claim (i) whose claim is listed on the Debtors' schedules of liability ("Schedules"); and (ii) whose claim is not described in such Schedules as "disputed," "contingent," or "unliquidated;" and (iii) for which the holder does not dispute the amount, priority, status, or nature of such Pre-petition Claim as set forth in the Schedules; and (iv) for which the holder does not dispute that the Pre-

Petition Claim as set forth in the Schedules is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

C. Any holder of a Pre-Petition Claim which Pre-Petition Claim has been paid by the Debtors with the authorization of this Court;

D. Any holder of Pre-Petition Claim that has been fixed and allowed by an order of this Court entered on or before the Bar Date or the Governmental Bar Date;

E. Any Debtor having a Pre-Petition Claim against another Debtor or any of the non-debtor subsidiaries (whether direct or indirect);

F. Any holder of a Pre-Petition Claim based on an equity interest in any of the Debtors; and

G. Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided however*, that any person or entity asserting a claim entitled to priority under Section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a claim on or prior to the Bar Date or Governmental Bar Date, as applicable.

**IT IS FURTHER ORDERED** that the form of the Bar Date Notice and accompanying proof of claim attached hereto are **APPROVED**.

**IT IS FURTHER ORDERED** the Debtors are directed to provide actual notice of the Bar Date by mailing the Bar Date Notice, together with a proof of claim form, to the following:

A. The Office of the United States Trustee;

B.  Each member of any committee appointed pursuant to the Bankruptcy Code, and any attorneys for such committee;

C.  Any holder of Pre-Petition Claims listed on the Schedules at the addresses stated therein;

D.  Any party to an executory contract listed in the Debtors' Schedules;

E.  Any party listed on the mailing matrix;

F.  The district director of the Internal Revenue for the Western District of Louisiana, and all taxing authorities for the jurisdictions in which the Debtors conduct business;

G.  The Securities and Exchange Commission; and

H.  All persons and entities requesting notice, pursuant to Bankruptcy Rule 2002.

**IT IS FURTHER ORDERED** that that any holder of a Pre-Petition Claim, other than with respect to Excluded Claims, who fails to file a proof of claim by the Bar Date or Governmental Bar Date shall be forever barred, estopped and permanently enjoined from asserting such claim, whether directly or indirectly against any of the Debtors and their successors, assigns and/or property.

**IT IS FURTHER ORDERED** that in the event the Debtors amend their Schedules, the holder of any claim affected by the amended Schedules shall be afforded an extension of thirty (30) days from the date of such notice of amendment to file a proof of claim.

###

This order was prepared and is being submitted by:

*/s/ Tristan Manthey*
Douglas S. Draper (LA #5073)
William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey, (La. Bar No. 24539)
Cherie Dessauer Nobles, (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn & Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300 // Fax: 504-299-3399
**Counsel for Debtors**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-51014 |
| KNIGHT ENERGY HOLDINGS, LLC, *ET AL* [1] | (JOINTLY ADMINISTERED) |
| DEBTORS | CHAPTER 11 |
| | JUDGE ROBERT SUMMERHAYS |

NOTICE OF CLAIMS BAR DATE, INCLUDING CLAIMS
ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that the following entities filed for relief under Chapter 11 of the Bankruptcy Code on this day: Knight Energy Holdings, LLC case (17-51014) with the cases of Knight Oil Tools, LLC (17-51015); Knight Manufacturing, LLC (17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (17-51017); Tri-Drill, LLC (17-51018); Advanced Safety & Training Management, LLC (17-51019); Knight Security, LLC (17-51020); Knight Information Systems, L.L.C. (17-51021); El Caballero Ranch, Inc. (17-51022); Rayne Properties, LLC (17-51023); Knight Aviation, LLC (17-51024); Knight Research & Development, LLC (17-51025); Knight Family Enterprises, LLC (17-51026); HMC Leasing, LLC (17-51027) and HMC Investments, LLC (17-51029) (collectively, the "Debtors").

**PLEASE TAKE NOTICE** that on _____, 2017, the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division ("Bankruptcy Court") signed an order **[P-___]** ("Bar Date Order") establishing **September 29, 2017 at 4:30 PM CDT** as the "**Bar Date**" for the filing of proofs of claim against the Debtors by all persons, corporations, partnerships, limited liability companies, and all other entities ("Bar Date"), including claims arising under section 503(b)(9) of the Bankruptcy Code.

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-50105); Knight Manufacturing, LLC (0600) (Case No. 17-50106); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51018); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (0000) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (0000) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (0000) (Case No. 17-51028). The Debtors' service address is 2272 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 1042 Forum Drive, Broussard, Louisiana 70518.

{00358865-4} 1

**PLEASE TAKE NOTICE** that on _____, 2017, the Bankruptcy Court signed the Bar Date Order establishing **February 5, 2018 at 4:30 PM CENTRAL DAYLIGHT TIME** as the **"Governmental Bar Date"** for the filing of proofs of claim and interest by all governmental units.

**WHO MUST FILE CLAIMS**: As set forth in the Bar Date Order, each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust and/or governmental unit, that asserts a Claim (as defined in the Bankruptcy Code) against the Debtors, including, for the avoidance of doubt, but not limited to, secured claims, priority claims, claims arising under section 503(b)(9) of the Bankruptcy Code, claims for taxes, accounts payable, alleged torts, and/or claims arising from or under pre-petition contracts, leases or agreements that arose before the Petition Date ("Pre-Petition Claim"), regardless of whether such Pre-Petition Claim is contingent, disputed, inchoate or unliquidated, is required to file a written proof of claim which substantially conforms to Official Form No. 10 to the Federal Rules of Bankruptcy Procedure, so as to be received on or before the Bar Date or Governmental Bar Date either electronically or by mail or delivery by hand, courier, or overnight service to the offices of the clerk of this Court. **EACH CLAIMANT MUST FILE A PROOF OF CLAIM IN THE PARTICULAR BANKRUPTCY CASES OF THE DEBTOR AGAINST WHICH THE CREDITOR ASSERTS A CLAIM.**

**WHO DOES NOT NEED TO FILE PROOFS OF CLAIM**: The following creditors need not file Proofs of Claim for the specific Claims described in A-G below:

A. Any holder of a Pre-Petition Claim who has already filed a proof of claim against a Debtor with the Clerk of this Court in the proper bankruptcy case utilizing the claim form which substantially conforms to Official Form No. 10;

B. Any holder of a Pre-Petition Claim (i) whose claim is listed on the Debtors' schedules of liability ("Schedules"); (ii) whose claim is not described in such Schedules as "disputed", "contingent", or "unliquidated"; and (iii) for which the holder does not dispute the amount, priority, status, or nature of such Pre-petition Claim as set forth in the Schedules;

C. Any holder of a Pre-Petition Claim which Pre-Petition Claim has been paid by the Debtors with the authorization of this Court; and

D. Any holder of Pre-Petition Claim that has been fixed and allowed by an order of this Court entered on or before the Bar Date or the Governmental Bar Date.

E. Any Debtor having a Pre-Petition Claim against another Debtor or any of the non-debtor subsidiaries (whether direct or indirect);

F. Any holder of a Pre-Petition Claim based on an equity interest in any of the Debtors; and

G. Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the

ordinary course, *provided however*, that any person or entity asserting a claim entitled to priority under Section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a claim on or prior to the Bar Date or Governmental Bar Date, as applicable.

**WHERE TO FILE**: Proofs of Claim must be filed with the Clerk of the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division, 214 Jefferson Street, Suite 100, Lafayette, Louisiana 70501.

a) Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (v) include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

b) In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims.

**WHAT TO FILE**: A duly completed and executed Pre-petition Claim which substantially conforms to the official Proof of Claim Form, Form 10 (enclosed).

**WHEN TO FILE: PROOFS OF CLAIM FOR ALL ENTITIES (OTHER THAN GOVERNMENTAL UNITS) MUST BE ACTUALLY RECEIVED BY THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF LOUISIANA ON OR BEFORE:**

**SEPTEMBER 29, 2017 AT 4:30 PM CDT**

Postmarking the claim prior to this date and time is not sufficient-it must be received by the Clerk of the Bankruptcy Court by the 4:30 PM CDT on September 29, 2017.

**WHEN TO FILE: PROOFS OF CLAIM FOR ALL GOVERNMENTAL UNITS MUST BE ACTUALLY RECEIVED BY THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF LOUISIANA ON OR BEFORE**:

## FEBRUARY 5, 2018 AT 4:30 PM CDT

Postmarking the claim prior to this date and time is not sufficient-it must be received by the Clerk of the Bankruptcy Court by the 4:30 PM CDT on February 3, 2018.

**PLEASE TAKE NOTICE** that any holder of a Pre-Petition Claim, other than with respect to Excluded Claims, who fails to file a proof of claim by the Bar Date or Governmental Bar Date shall be forever barred, estopped and permanently enjoined from asserting such claim, whether directly or indirectly against any of the Debtors and their successors, assigns and/or property, and such claim shall not be counted for purposes of voting and distribution in these cases.

**PLEASE TAKE NOTICE** that if any of the Debtors amend their Schedules, the holder of any claim adversely affected by such amendment to Schedules shall have thirty (30) days from the date of such notice of amendment to file a proof of claim or to amend any previously timely and properly filed proof of claim.

**PLEASE TAKE NOTICE** that you may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules"). When filed, copies of the Debtors' Schedules will be available on the Debtors' restructuring website at: http://www.donlinrecano.com/knight; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on this Court's Internet Website at http://ecf.lawb.uscourts.gov. A login and password to this Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division, 214 Jefferson Street, Suite 100, Lafayette, Louisiana 70501.

If you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date(s) in accordance with the procedures set forth in this notice.

You are **NOT** to contact the Clerk's Office, the Judge's Chambers, the law firm listed below or the United States Trustee for legal advice concerning whether or not to file a Proof of Claim, or the classification or treatment of any Claim.

{00358865-4}  4

This ____ day of, 2017.

*/s/ Tristan Manthey*
Douglas S. Draper (LA #5073)
William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey, (La. Bar No. 24539)
Cherie Dessauer Nobles, (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn & Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300 // Fax: 504-299-3399
**Counsel for Debtors**

Please check the appropriate box to identify the Debtor and Case Number:

☐ Knight Energy Holdings, LLC
   Case No. 17-51014
☐ Knight Oil Tools, LLC
   Case No. 17-51015
☐ Knight Manufacturing, LLC
   Case No. 17-51016
☐ KDCC, LLC, (f/k/a Knight Well Services, LLC)
   Case No. 17-51017
☐ Tri-Drill, Inc.
   Case No. 17-51018
☐ Advanced Safety & Training Management, LLC
   Case No. 17-51019
☐ Knight Security, LLC
   Case No. 17-51020

☐ Knight Information Systems, LLC
   Case No. 17-51021
☐ El Caballero Ranch, Inc.
   Case No. 17-51022
☐ Rayne Properties, LLC
   Case No. 17-51023
☐ Knight Aviation, LLC
   Case No. 17-51024
☐ Knight Research & Development, LLC
   Case No. 17-51025
☐ Knight Family Enterprises, LLC
   Case No. 17-51026
☐ HMC Leasing, LLC
   Case No. 17-51027
☐ HMC Investments, LLC
   Case No. 17-51029

Proof of Claim

**United States Bankruptcy Court for the Western District of Louisiana**

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense other than a claim arising under section 503(b)(9). Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. **Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name and address of the creditor.

Name and address of creditor (the person or entity to be paid for this claim):

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**
☐ No     ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Where should notices to the creditor be sent?**
Name: _____
Address: _____
City: _____ State: ____ Zip: _____
Phone: _____
Email: _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**Where should payments to the creditor be sent? (if different)**
Name: _____
Address: _____
City: _____ State: ____ Zip: _____
Phone: _____
Email: _____

**4. Does this claim amend one already filed?**
☐ No     ☐ Yes. Claim number on court claims registry (if known): _____
Filed on (MM/DD/YYYY): _____

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No     ☐ Yes. Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No     ☐ Yes. Last 4 digits of the debtor's account or any identification number used: ____ ____ ____ ____

**7. How much is the claim?**
$_____

**Does this amount include interest or other charges?**
☐ No     ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. _____ |
|---|---|
| 9. **Is all or part of the claim secured?** | ❏ No<br>❏ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>❏ Motor vehicle<br>❏ Other (describe): _____<br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____  **Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured** (the sum of the secured and unsecured amounts should match the amount in line 7):   $_____<br>**Amount necessary to cure any default as of the date of the petition:** $_____   **Annual interest rate** (when case was filed): _____%  ❏ Fixed  ❏ Variable |
| 10. **Is this claim based on a lease?** | ❏ No    ❏ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. **Is this claim subject to a right of setoff?** | ❏ No    ❏ Yes. Identify the property: _____ |
| 12. **Is all or part of the claim entitled to: (i) priority under 11 U.S.C. § 507(a), or (ii) administrative expense under 11 U.S.C. § 503(b)(9)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.<br><br>* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | ❏ No    ❏ Yes. *Check all that apply:*    **Amount entitled to priority**<br>❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____<br>❏ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____<br>❏ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____<br>❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____<br>❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____<br>❏ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $_____<br>❏ Value of goods received by the debtor within 20 days before the date of commencement of the case. 11 U.S.C. § 503(b)(9).   $_____ |

## Part 3: Sign Below

| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br>❏ I am the creditor.<br>❏ I am the creditor's attorney or authorized agent.<br>❏ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>❏ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date (MM/DD/YYYY): _____<br><br>Signature: _____<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>First name: _____  Middle: _____  Last: _____<br><br>Title: _____<br><br>Company (identify the corporate servicer as the company if the authorized agent is a servicer): _____<br><br>Address: _____<br><br>City: _____  State: _____  Zip: _____<br><br>Phone: _____  Email: _____ |

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.** You must fill in the specific Debtor name and case number against which your claim is being asserted by checking the appropriate box on the form. If you are asserting claims against more than one Debtor, you MUST file a separate proof of claim for each debtor.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the reverse page.)

    Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.
11 U.S.C. § 503.

**Administrative expense claim under 11 U.S.C. §503(b)(9):** Administrative expense claims under 11 U.S.C. §503(b)(9) include those claims for the value of any goods received by the debtor, within 20 days before the date of commencement of a case under the Bankruptcy Code in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**