UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN THE MATTER OF:                      *         CASE NO. 17-51014
KNIGHT ENERGY HOLDINGS, LLC,       *
*et al.*[1],                                         *
                              *Debtors*            *         CHAPTER 11
                                                 *
                                                 *
                                                 *         JOINTLY ADMINISTERED
*****************************************************************************

## MOTION FOR ORDER AFFIRMING THAT AUTOMATIC STAY IS INAPPLICABLE PURSUANT TO 11 U.S.C. §362 (c)(4)(A)(ii) WITH INCORPORATED MEMORANDUM IN SUPPORT, FILED BY MARGIE SERRETTE REGARDING LITIGATION IN 15TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE, STATE OF LOUISIANA

**This is a motion for relief from the automatic stay. If it is granted, the movants will act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving parties to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on September 12, 2017 at 10:00 a.m. in the Courtroom of Hon. Robert Summerhays, 114 Jefferson St., Lafayette, LA.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (0000) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17- 51022); Rayne Properties, LLC (0000) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (0000) (Case No. 17- 51029). The Debtors' service address is 2272 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 1042 Forum Drive, Broussard, Louisiana 70518.

1

1.

This Motion for Relief from Automatic Stay is filed on behalf of Margie Serrette ("Plaintiff" or "Mover") who is the plaintiff in the civil matter captioned and numbered *Margie Serrette v. Ace American Ins. Co., Knight Oil Tools, LLC, Knight Energy Holdings, LLC, and James E. Knight,* Case No. 2014-4687 J on the docket of the 15th Judicial District Court for the Parish of Lafayette, Louisiana ("Proceeding"). The Proceeding is a civil action. Movers seeks relief regarding the applicability of automatic stay of Bankruptcy Code § 362(a) and if necessary attendant relief from the automatic stay, to proceed to prosecute her claims against the non-debtor defendants, including any direct action against defendant-insurers as allowed by Louisiana State Law.

2.

Jurisdiction in this Court is premised on 28 U.S.C. §§ 157 and 1334. This is a core proceeding and is brought to obtain relief relative to the automatic stay afforded by 11 U.S.C. §362(c)(4)(ii). Counsel for Mover has contacted counsel for the respondent in regard to this motion, but have not yet obtained any agreement as to its disposition. Accordingly, this is an opposed motion pursuant to F.R.B.P. 9014.

3.

Knight Oil Tools, LLC, Knight Energy Holdings, LLC ("Knight") is one of multiple defendants in the Proceeding. Knight filed a motion for summary judgment in the Proceeding which motion was granted prior to the commencement of these consolidated cases. In effect, Knight was dismissed as a party to the Proceeding prior to the commencement date.

4.

In the Proceeding, a proposed Judgment memorializing the granting of the motion for summary judgment and dismissing Knight was sent to the Court for signature. This case was commenced before the State Court Judge signed the Judgment. However, Mover takes the position that the automatic stay does not require modification. None of the acts mentioned in 11 U.S.C. §362(a) is contemplated by Mover.

5.

Knight filed a petition for relief under chapter 11 on August 8, 2017 in this Court.

5.

Mover requested that Knight agree or stipulate that the State Court Judgment could be entered without the necessity of the filing of a motion such as this one however Knight would not agree. Pursuant to 11 U.S.C. §362(c)(4)(A)(ii) Mover hereby requests an Order affirming that no stay is in effect, that the State Court is not stayed from signing the proposed Judgment in the Proceeding, and that relief from the automatic stay to permit Mover to prosecute her claims for damages against the non-debtor defendants is not needed. Mover requests further that the Order requested herein state that the debtor remains a nominal party purely for presentation of evidence in the Proceeding and for the completeness of the record.

## **AUTHORITIES**

6.

§362(c)(4(A)(ii) provides in pertinent part that "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect."

3

7.

This Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor. Frequently, these actions are coupled with a pledge by the creditor that he only seeks to go forward to determine the liability and that such liability will be paid by the liability insurance carrier and there is no expense to the estate. Here, the request is simply for the Court to affirm that there is no automatic stay in effect thus generating an order than can be supplied to the State Court.

8.

Also, under Louisiana Revised Statute 22:655(B)(1), the Louisiana Direct Action statute, Movers may proceed directly against the insurers of the defendant in the Proceeding. Therefore, Mover prosecuting her case in State Court to seek, obtain and collect a judgment against such insurer(s) as provided under La. R.S. 22:655.

9.

Under Louisiana law, direct action is available to Movers against any insurer of the defendants in the Proceeding. The pertinent part of La. R.S. 22:655(B)(1) provides that:

> . . . The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
>
>     (a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
>
>     (b) The insured is insolvent; . . .

10.

In addressing the issue of allowing a claimant to proceed directly against a debtor's insurer, the 5th Circuit in *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983), stated, at 547-548:

> We cannot read the language of § 362(a)(1), "against the debtor," **as including the debtor's liability insurers.** Nor does any other provision of § 362 grant the insurer an automatic stay. Section 362, as discussed above, provides a narrow protection directed at the debtor and its estate. Those interests are not automatically impinged by suit against the debtor's liability insurer in an instance in which the payments by the insurer cannot inure to the debtor's pecuniary benefit. Such is the situation in the case at bar. A payment by the liability carrier will neither enhance nor decrease the bankruptcy estate.
>
> Nor would a discretionary stay be justified. As with the action against the co-defendants discussed above, no showing is made that the burden on the insurers is either unfair--since it is a responsibility assumed by contract subject to controlling state, in this instance Louisiana, law--or sufficient to outweigh the Louisiana plaintiffs' recognized interests.
>
> The bankruptcy court handling the Johns-Manville reorganization has opined that its stay order extends to Johns-Manville's insurers. *In re Johns-Manville Corp.*, 26 B.R. 420, 434-37 (Bkrtcy. S.D.N.Y.1983) (on rehearing, reversing earlier ruling allowing direct actions). The bankruptcy judge cited the policies favoring resolution of all insurance issues in one forum. **But this worthwhile goal cannot vitiate Louisiana's clear, constitutional, and dispositive decision to allow direct actions against liability insurers. A blanket ban conflicts with the state's specific protection for injured parties and thus must** yield. To **rule otherwise we would have to ignore the express language of** La.R.S. 22:655. (emphasis added).

11.

And in *In re Coho Resources, Inc.*, 345 F.3d 338, 41 (5th Cir. 2003), at 343, the 5th Circuit noted that courts are in "near unanimous agreement" that § 524(e) "permits a creditor to bring, and proceed in, an action nominally directed against a discharged debtor [ here a dismissed debtor] for the sole purpose of proving liability on its part as a prerequisite to recovering from its insurer." The court went on to note that:

5

*In Houston v. Edgeworth* (*In re Edgeworth*), 993 F.2d 51 (5th Cir. 1993), we endorsed this approach, explaining that "it makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge" and noting that "[s]uch a result would be fundamentally wrong." *Id.* at 54 (quoting In re Lembke, 93 B.R. 701, 703 *(Bankr. D.N.D.1988))*. *See also 4* COLLIER ON BANKRUPTCY ¶ 524.05, at 524-46 (Lawrence P. King ed., 15th ed. rev.2003) (explaining that "[i]t is generally agreed that the debtor's discharge does not affect the liability of the debtor's insurer for damages caused by the debtor" but noting that "[t]here is disagreement about whether relief from the discharge injunction must be sought when an action must be brought against the debtor to collect from another entity or whether the injunction simply does not apply to an action in which the plaintiff explicitly waives any right to collect a monetary recovery from the debtor").

12.

Liability insurance policy proceeds are available to the injured party, not the debtors. *In re The Babcock & Wilcox Co.* 2001 WL 536305 (E.D.La) 2001, the court held that the proceeds of liability insurance policies are not property of the debtor's estate, that the debtors had no right to the proceeds, and that the liability insurance policies' beneficiaries are the injured claimants harmed by the insured. At pages 4 - 5, the court stated:

> In *Louisiana World Exposition,* the Fifth Circuit held that whether insurance proceeds are property of the estate depends on the nature of the insurance policy. *See In re Louisiana World Expedition, Inc.,* 832 F.2d 1391, 1399 (5th Cir.1987) (proceeds of debtor's liability policy payable to directors and officers not part of debtor's estate). In *Edgeworth,* the Fifth Circuit explained its reasoning in *Louisiana World Exposition:*
>
>> The overriding question when determining whether insurance proceeds are property of the estate is *whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim.* When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate.
>
> *See Edgeworth,* 993 F.2d at 55-56 (emphasis added). The *Edgeworth* court distinguished casualty, collision, fire, and life insurance policies in which the beneficiary is the debtor from liability policies that are payable to those harmed by the debtor. *See id.* at 56. In doing so, the court found that a doctor's liability

6

policy was property of the estate but the proceeds of that policy were not. *See id.*

The policies at issue here are also liability policies. The policies' beneficiaries are those harmed by the insured. The debtor would have no right to keep these proceeds when the insurer pays a claim. Therefore, the proceeds of the policies are not property of the debtor's estate under the *Louisiana World Exposition/Edgeworth* analysis [footnote omitted]. These proceeds could not be made available to creditors other than those who are beneficiaries under the policies.

13.

In the case of *Landry v. Exxon Pipeline Co.*, 260 B.R. 769 (Bkrtcy. M.D.La. 2001), the Bankruptcy Court for the Middle District of Louisiana also considered an instance in which property owners filed an environmental tort action in state court, which defendants removed to federal court upon grounds that property owners, despite dismissal of the debtor as defendant, were asserting claims against debtor's liability insurers pursuant to Louisiana's direct action statute. On the property owners' motion to remand and defendants' motion to transfer matter, the Court held that: (1) the action was one over which bankruptcy court could exercise "related to" jurisdiction; (2) that the proceeds of debtor's general liability policies, which were payable, if payable at all, only to victims of debtor's wrongful acts and not to debtor, were not included in property of the estate; (3) that equitable grounds existed to remand action to state court. The reasoning is applicable in this matter and supports modification of the stay.

14.

The policies at issue in this matter are liability policies and Mover suggests that the issue of coverage has already been determined by the State Court. The policies' beneficiary is Mover, who  person harmed by the conduct of one or more insured in the Proceeding. The Knight debtors would have no right to keep any proceeds the insurer may pay on account of Mover's claims. Therefore, the proceeds of the policies are not property of the Knight debtors' estates.

**WHEREFORE MOVER** prays that the Court issue an order declaring that the automatic stay of 11 U.S.C. §362 does not apply to the Proceeding thereby permitting Mover to continue prosecution of her claims as detailed herein, to 2) liquidate their claim against any insurer, but not to enforce any judgment against Knight or the estate without further order of this Court, 3) to conduct discovery including discovery involving Knight., 4) to continue the Proceeding with Knight as a nominal party and 5) to generally conduct the prosecution of the Proceeding.

Respectfully submitted,

H. KENT AGUILLARD
141 S. 6th Street
P. O. Drawer 391
Eunice, Louisiana 70535
P (337) 457-9331
F (337) 457-2917
kaguillard@yhalaw.com
/s/ H. Kent Aguillard
LA Bar Roll No. 02354

*Attorney for Mover*