UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-51014 |
| | § | |
| KNIGHT ENERGY HOLDINGS, LLC, | § | CHAPTER 11 |
| *et al.*,[1] | § | |
| | § | |
| DEBTORS. | § | |
| | § | |

**MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

**This is a motion for relief from the automatic stay. If it is granted, the movants will act outside of the bankruptcy process. If you do not want the automatic stay lifted, immediately contact the moving parties to settle. If you cannot settle, you must file a response and send a copy to the moving party at least seven (7) days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the Court may rule on this motion.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on October 24, 2017, at 10:00 a.m. in the Courtroom of The Hon. Robert Summerhays, 114 Jefferson Street, Lafayette, Louisiana.**

NOW INTO COURT, through undersigned counsel, come Rippy Oil Company, Rippy Interest LLC, The Genecov Group, Inc., and John D. Proctor (together, "Rippy Oil"), who are plaintiffs in the civil matter captioned *Rippy Oil Company, et al. v. Knight Oil Tools, Inc., et al.*,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLA (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (0000) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (0000) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027); and HMC Investments, LLC (0000) (Case No. 17-51029. The Debtors' service address is 2272 SE Evangeline Thruway, Lafayette, Louisiana 70508, except for Knight Manufacturing, LLC, which can be served at 2710-A Melancon Road, Broussard, Louisiana 70518, and Advanced Safety and Training Management, LLC, which can be served at 1042 Forum Drive, Broussard, Louisiana 70518.

1

No. 0-10-498, pending in the 369th Judicial District Court in Leon County, Texas (the "Proceeding"). A true copy of the *First Amended Original Petition* filed in the Proceeding is attached hereto as **Exhibit A**. In support of this Motion, Rippy Oil respectfully states as follows:

## RELIEF SOUGHT

1.

The Proceeding is a civil action. Through this Motion and pursuant to § 362(d) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rippy Oil seeks relief from the automatic stay of the Proceeding in order that it may continue to proceed against Knight Oil Tools, Inc. (the "Debtor") a Defendant in the Proceeding. In support of this Motion, Rippy Oil states that (i) upon information and belief, the Debtor has applicable liability insurance coverage in an amount not less than $26 Million, which is available and sufficient to cover any judgment Rippy Oil obtains in its favor in the Proceeding, and (ii) Rippy Oil will seek to enforce any judgment it obtains in its favor in the Proceedings only against those insurance proceeds.

## JURISDICTION

2.

Jurisdiction in this Court is premised upon 28 U.S.C. §§ 157 and 1334. This is a core proceeding and is brought to obtain relief relative to the automatic stay afforded by 11 U.S.C. § 362(a). Counsel for Rippy Oil has contact counsel for the Debtor regarding this Motion, who has not consented to the relief sought in this Motion as of the filing. Accordingly, this Motion is considered a contested proceeding pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.

2

17-51014 - #357  File 09/28/17  Enter 09/28/17 12:36:12  Main Document  Pg 2 of 6

## BACKGROUND

3.

In the Proceeding, Rippy Oil asserts causes of action against Debtor associated with the manufacture, supply, rental, and delivery of a drill pipe for use in Rippy Oil's exploration and production operations in Leon County, Texas; specifically, Rippy Oil asserts Texas state law causes of action for (i) negligence and negligent misrepresentation; (ii) strict liability and product liability; (iii) breach of express warranty of goods; (iv) breach of implied warranty of merchantability and fitness for a particular purpose; (v) violation of the Texas Deceptive Trade Practices Act; (vi) gross negligence; (vii) breach of contract; (viii) fraud; and (ix) aiding and abetting, civil conspiracy, concert of action, spoliation, and successor liability.

4.

Upon information and belief, the Debtor is a party to at least two insurance policies that are responsive to the claims by Rippy Oil in the Proceeding. Specifically, the Debtor has a $1 Million liability policy with Chubb Insurance Company (successor to a policy initially written by Ace American Insurance Company) and a $25 Million liability policy with AIG Insurance Company (successor to a policy initial written by Chartis Specialty Insurance Company). Chubb Insurance Company has assumed full responsibility for defending the Debtor in the Proceeding and remains listed as counsel for the Debtor.

5.

The parties to the Proceeding have exchanged discovery, and Rippy Oil proposes to seek a trial setting for April 3, 2018.

6.

On August 8, 2017, the Debtor and several of its affiliates each filed petitions for bankruptcy relief under chapter 11 in this Court.

7.

At this time, Rippy Oil requests this Court enter an Order granting relief from the stay of the Proceeding for cause pursuant to 11 U.S.C. § 362(d)(1).

**LAW AND ARGUMENT**

8.

Section 362(d)(1) of the Bankruptcy Code permits a Court to modify the automatic stay for "cause." Although the Bankruptcy Code does not expressly define "cause" for all purposes under § 362(d), courts have identified the following factors to be weighed in determining whether "cause" exists to modify the automatic stay:

> (1) Whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.)*, 907 F. 2d 1280, 1286 (2d Cir. 1990). "Not all of the factors are relevant in every case, and the court need not assign equal weight to each factor." *In re N.Y. Med. Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001) (internal citations omitted).

4

9.

Importantly, stay relief will not interfere with the Debtor's bankruptcy case or affect any distributions that are made from the estate. The Debtor's liability insurer has assumed full responsibility for defending the Debtor in the Proceeding; therefore, the Debtor will expend no attorneys' fees or court costs related to the Proceeding.

10.

Further, the Debtor has liability insurance coverage sufficient to cover any judgment Rippy Oil obtains in its favor in the Proceeding. Rippy Oil will seek to enforce any judgment it obtains in its favor in the Proceedings only against those insurance proceeds; therefore, any resulting judgment from the Proceeding will not affect distributions by the estate and will result in no prejudice to any other creditor.[2] Indeed, Rippy Oil has filed no proofs of claim in the Debtor's bankruptcy case and waives any claim it may have against the estate.

---

[2] The Fifth Circuit has held "that while insurance policies are generally property of the estate, the proceeds of liability insurance policies, unlike first party policies, generally are not." *Sosebee v. Steadfast Ins. Co.*, 701 F. 3d 1012, 1023 (5th Cir. 2012). As explained by the Fifth Circuit:

> [The] definition [of the bankruptcy estate] is intended to be broadly construed, and courts are generally in agreement that an insurance policy will be considered property of the estate. Insurance policies are property of the estate . . . . Any rights the debtor has against the insurer, whether contractual or otherwise, become property of the estate.
>
> Acknowledging that the debtor owns the policy, however, does not end the inquiry. The question is not who owns the policies, but who owns the liability proceeds . . . .
>
> The overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim . . . .
>
> Examples of insurance policies whose proceeds are property of the estate include casualty, collision, life, and fire insurance policies in which the debtor is a beneficiary. Proceeds of such insurance policies, if made payable to the debtor rather than a third party such as a creditor, are property of the estate and may inure to all bankruptcy creditors. But under the typical liability policy, the debtor will not have a cognizable interest in the proceeds of the policy. Those proceeds will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract.

*Id*. (quoting In re Edgeworth, 993 F. 2d 51, 55–56 (5th Cir. 1993)).

11.

An evaluation of the *Sonnax* factors listed above weighs in favor of this Court granting Rippy Oil's Motion and modifying the automatic stay of the Proceeding in order that Rippy Oil may continue to proceed against the Debtor in the Proceeding and, if successful, to enforce any judgment against the Debtor's liability insurance policy.

**WHEREFORE**, Rippy Oil Company, Rippy Interest LLC, The Genecov Group, Inc., and John D. Proctor respectfully request that the Court enter an order granting the Motion and modifying the automatic stay of the Proceeding in order that they may continue to proceed against the Debtor in the Proceeding, and granting such other and further relief as is just and proper.

Respectfully submitted,

| | |
|---|---|
| LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD | */s/ Benjamin W. Kadden*<br>BENJAMIN W. KADDEN (LA #29927)<br>MEREDITH S. GRABILL (LA #35484)<br>601 Poydras Street, Suite 2775<br>New Orleans, LA 70130<br>Telephone: (504) 568-1990<br>Facsimile: (504) 310-9195<br>E-mail: bkadden@lawla.com; mgrabill@lawla.com<br><br>*Counsel for Rippy Oil Company, Rippy Interest LLC, The Genecov Group, Inc., and John D. Proctor* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion has been served upon the parties that receive electronic notice via the Court's CM/ECF system on this 28th day of September 2017.

*/s/ Benjamin W. Kadden*

6