IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE:<br><br>KNIGHT ENERGY HOLDINGS, LLC, *ET AL.*[1]<br><br>DEBTORS | CASE NO. 17-51014<br><br>(JOINTLY ADMINISTERED)<br><br>CHAPTER 11<br><br>JUDGE ROBERT SUMMERHAYS |

**MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT
AND COMPROMISE PURSUANT TO BANKRUPTCY RULE 9019**

**NOW INTO COURT**, through undersigned counsel, come Knight Energy Holdings, LLC; Knight Oil Tools, LLC; Knight Manufacturing, LLC; KDCC, LLC, f/k/a Knight Well Services, LLC; Tri-Drill, LLC; Advanced Safety & Training Management, LLC; Knight Security, LLC; Knight Information Systems, LLC; El Caballero Ranch, Inc.; Rayne Properties, LLC; Knight Aviation, LLC; Knight Research & Development, LLC; Knight Family Enterprises, LLC; HMC Leasing, LLC; and HMC Investments, LLC (collectively, the "Debtors" or "Movants"), as debtors-in-possession, who file this *Motion for Entry of an Order Approving Settlement and Compromise Pursuant to Bankruptcy Rule 9019*. In support of the Motion, Movants respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508

{00359571-3}  1

# JURISDICTION

1.  Pursuant to 28 U.S.C. §§157(b) and 1334, this Court has jurisdiction (i) to hear and determine this Motion, and (ii) over the persons and property affected hereby. The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. §154(b)(2). Venue of this proceeding and jurisdiction is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

# BACKGROUND

### A. General Bankruptcy

2.  On August 8, 2017 (the "Petition Date"), each of the above-captioned Debtors, including Knight Tools, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the captioned bankruptcy cases (the "Bankruptcy Cases"), with the Debtors becoming debtors-in-possession in the Bankruptcy Cases under and pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  On August 24, 2017, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in the Bankruptcy Cases (Dkt. No. 154).

4.  September 29, 2017 has been set by order of the Bankruptcy Court as the bar date for the filing of proofs of claim in the Bankruptcy Cases. GE Fleet has filed a proof of claim evidencing its claims against Knight Oil Tools, LLC ("Knight Tools") under and pursuant to the Vehicle Lease Agreement and the Services Agreement (as such terms are defined below) and its reservation of rights (the "GE Fleet Proof of Claim").

### B. Settlement Agreement

5.  On or about September 25, 2006, GE Fleet and Knight Tools (collectively with GE Fleet, the "Parties") entered into the Master Lease Agreement (the "Vehicle Lease

Agreement") under which GE Fleet agreed to lease certain vehicles (the "Leased Vehicles") to Knight Tools.

6. On or about September 25, 2006, GE Fleet and Knight Tools entered into the Master Services Agreement (the "Services Agreement") under which GE Fleet agreed to provide certain services to Knight Tools in respect of the Leased Vehicles.

7. Among other terms and conditions, the Vehicle Lease Agreement provides that any default thereunder also is a default under the Services Agreement; for GE Fleet to dispose of Leased Vehicles returned to it by Knight Tools; and for GE Fleet to use the proceeds of such dispositions in satisfaction of GE Fleet's claims under the Vehicle Lease Agreement and the Services Agreement.

8. Both the Vehicle Lease Agreement and the Services Agreement provide, inter alia: (i) authority for GE Fleet to recoup or set off any amounts due to Knight Tools against any amounts due from Knight Tools to GE Fleet; (ii) for recovery of attorney's fees and costs in connection with the enforcement of GE Fleet's rights thereunder; and (iii) for Knight Tool's to indemnify GE Fleet in connection with Knight Tool's lease, maintenance, use, or surrender of the Leased Vehicles as well as in connection with the condition of the Leased Vehicles.

9. Prior to commencement of these Bankruptcy Cases, Knight Tools defaulted on its obligations to GE Fleet under the Vehicle Lease Agreement and the Services Agreement.

10. On September 2, 2016, GE Fleet filed an action with the United States District Court for the District of Minnesota (the "Minnesota District Court") against Knight Tools, captioned *Gelco Corporation v. Knight Oil Tools, LLC*, Case No. 0:16-cv-02984-PAM-KMM (the "Minnesota District Court Action").

11. In the Minnesota District Court Action, GE Fleet sought, among other things, possession of the Leased Vehicles and damages in the amount of $1,418,639.60 plus interest, fees and other amounts due or to become due in accordance with the Vehicle Lease Agreement and the Services Agreement.

12. On November 9, 2016, the Minnesota District Court entered an order (the "Replevin Order") which, inter alia, (i) directed Knight Tools to deliver the Leased Vehicles to GE Fleet, and (ii) authorized GE Fleet to sell the Leased Vehicles at public or private sale.

13. Knight Tools has returned to GE Fleet some of the Leased Vehicles (the "Returned Vehicles") and Knight Tools has retained some of the Leased Vehicles in its possession, custody or control (the "Retained Vehicles").

14. By the end of May 2017, GE Fleet had, in accordance with the Replevin Order and the Vehicle Lease Agreement, disposed of all the Returned Vehicles producing funds net of costs of sale (the "Disposition Funds").

15. The amount of the Disposition Funds was sufficient to (i) pay all unpaid, delinquent invoices under the Vehicle Lease Agreement, (ii) pay certain expenses incurred in the Minnesota District Court Action, and (iii) buy out obligations of Knight Tools to GE Fleet in respect of the Retained Vehicles. Prior to the commencement of the Bankruptcy Cases, GE Fleet recouped all of the amounts identified herein from the Disposition Funds.

16. In early July 2017, GE Fleet and Knight Tools had agreed in principle on the terms of a settlement stipulation to be filed in the Minnesota District Court Action which, inter alia: (i) ratified the recoupment of amounts due and owing to GE Fleet by Knight Tools from the Disposition Funds; (ii) acknowledged and approved the buy-out of the obligations of Knight Tools to GE Fleet in respect of the Retained Vehicles; and (iii) provided for the delivery by GE

Fleet to Knight Tools of titles to Retained Vehicles for the purposes of enabling Knight Tools, at its effort and expense, to effect a re-titling of the Retained Vehicles in the name of Knight Tools. However, the settlement stipulation had not been finalized as of the commencement of the Bankruptcy Cases.

17. On July 19, 2017, the Minnesota District Court, upon being informed that the Minnesota District Court Action had been settled in principle, sua sponte entered its Order of Dismissal which provided:

> IT IS HEREBY ORDERED that this action is dismissed, without prejudice, the Court reserving jurisdiction for sixty (60) days to permit any party to move to reopen the action, for good cause shown or to submit and file a stipulated form of final judgment.

18. The Parties desire to compromise and settle all claims and causes of action against each other, including but not limited to those arising out of the Services Agreement, the Vehicle Lease Agreement, and Minnesota District Court Action under terms set forth in the Receipt, Release and Settlement Agreement (the "Settlement Agreement"), attached hereto as Exhibit "A". Set forth below is a summary of the terms of the Settlement Agreement:[2]

   a. The Parties agree that GE Fleet shall be entitled to effect a recoupment and/or set off of any and all claims held by GE Fleet against the Debtors under the Vehicle Lease Agreement and the Services Agreement, including, without limitation, claims for fees and costs incurred by GE Fleet from and/or against the Disposition Funds;

   b. GE Fleet will be entitled to reflect on a final basis the recoupment and/or set off of any and all claims held by GE Fleet against the Debtors under the Vehicle Lease Agreement and the Services Agreement from and/or against the Disposition Funds;

   c. Upon exercising the recoupment and/or set off described above, GE Fleet shall (i) provide information to the Debtors, in the form of invoices or otherwise, showing the final amount of the Disposition Funds, and (y) the amounts being recouped

---

[2] The summary description of certain of the terms of the Settlement Agreement as set forth herein is not intended to amend, modify or limit the terms of the Settlement Agreement and the summary description provided herein is subject to all the terms of the settlement as set forth in the Settlement Agreement.

  and/or offset from and/or against the Disposition Funds, (ii) remit to Knight Tools the portion of the Disposition Funds, if any, that is in excess of the amounts being recouped and/or offset from and/or against the Disposition Funds as authorized by this Agreement; and (iii) provide to Knight Tools the certificates of title to the Retained Vehicles, to the extent not previously supplied.

  d. The Debtors shall bear all effort and expense associated with the re-titling of the Retained Vehicles.

  e. The GE Fleet Proof of Claim shall be deemed withdrawn and the Debtors' claims agent may reflect the withdrawal of the GE Fleet Proof of Claim on the claims register.

19.  GE Fleet has provided to the Debtors a preliminary estimate of approximately $120,000 of the amount of the Disposition Funds that is in excess of the amounts being recouped and/or offset from and/or against the Disposition Funds that will be remitted to Knight Tools. This amount is subject to change due to accruing fees and costs.

## RELIEF REQUESTED AND LAW

20.  By this Motion, Movants request that the Court enter an order approving the Settlement Agreement.

21.  Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "[o]n motion by the trustee [or debtors in possession] and after notice and hearing the court may approve a compromise and settlement." Fed. Bank. R. 9019(a).

22.  Under this rule, "[a]pproval should only be given if the settlement is 'fair and equitable and in the best interest of the estate.'" *In re Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) (citations omitted).

23.  "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, '[c]omparing the terms of the compromise with the likely rewards of litigation.'" *In re Cajun Electric*, 119 F.3d at 355 (citations omitted). In particular, the Court should evaluate the following factors: (1) the probability of success in the

litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (3) all other factors bearing on the wisdom of the compromise. *Id*. (citations omitted).

24. Movants submit that it is in the best interests of the Debtors' creditors to allow the Parties to settle and compromise their differences. This will increase the percentage amount of distributions to the unsecured creditors under the Debtors' Plan, resolve the Minnesota District Court Action and the GE Fleet Proof of Claim without any further litigation.

25. The Debtors submit that settling these disputes is in the best interests of the Debtors' creditors. The proposed terms of settlement are fair and reasonable.

26. By entering into the settlement, the Debtors will avoid the costly and time-consuming process of litigating to conclusion the claims and defenses involved in the Minnesota District Court Action and the GE Fleet Proof of Claim. Allowing this litigation to continue would require a significant investment of the Debtors' time, effort and resources, with attendant attorneys' fees and expenses. Having considered these facts, the Debtors believes that, in the exercise of sound business judgment, the proposed settlement set forth herein is in the best interests of the creditors, and accordingly should be approved.

27. For the foregoing reasons, Movants suggest that the Court approve the terms of the Settlement Agreement.

**WHEREFORE**, Debtors respectfully request that this Court enter an order approving the Settlement Agreement, and granting such other further relief as may be just and proper.

This 5th day of October, 2017.

>Respectfully submitted,
>
>/s/ William H. Patrick, III
>William H. Patrick, III LA Bar No. 10359
>Tristan Manthey, LA. Bar No. 24539
>Cherie Dessauer Nobles, LA Bar No. 30476
>**HELLER, DRAPER, PATRICK, HORN & DABNEY, L.LC.**
>650 Poydras Street, Suite 2500
>New Orleans, Louisiana 70130-6103
>Phone: 504-299-3300 / Fax: 504-299-3399
>E-mail: wpatrick@hellerdraper.com
>E-mail: tmanthey@hellerdraper.com
>E-mail: cnobles@hellerdraper.com
>
>*Counsel for Debtors*