## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § | CASE NO. 17-51014 |
| | § | |
| KNIGHT ENERGY HOLDINGS, LLC, | § | CHAPTER 11 |
| *et al.* | § | |
| *Debtors* | § | |

---

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND INCORPORATED MEMORANDUM

---

NOW INTO COURT, through undersigned counsel, come Movants, GERALD ROBICHEAUX JR., LOREN ROBICHEAUX, and MONA HIATT, who request this court lift the Automatic Stay on related proceedings for the purposes of dismissing debtor from the state court action *Gerald Robichaux, Jr., et al. v. Chevron U.S.A., Inc., et al.,* No. 15-10022. Movers seek relief from the automatic stay of Bankruptcy Code § 362(a) to proceed and prosecute their claims against the non-debtor defendants, including any direct action against debtor's insurers.

1.

Jurisdiction in this Court is premised on 28 U.S.C. §§ 157 and 1334. This is a core proceeding and is brought to obtain relief relative to the automatic stay afforded by 11 U.S.C. §362(a). Counsel for Movers has contacted counsel for debtor in regard to this motion, but have not yet obtained any agreement as to its disposition. Accordingly, this is an opposed motion pursuant to F.R.B.P. 9014.

2.

Knight Manufacturing LLC, ("Knight") is one of multiple defendants in the state proceeding.

3.

Knight filed a petition for relief under Chapter 11 of the United States Code on August 8, 2017 in this Court.

4.

Movants request relief from the automatic stay to permit Movants to file a motion to dismiss Knight from the state court proceedings, and prosecute their claims for damages against the non-debtor defendants, including direct action against Knight's insurers.

5.

The state proceeding is still in the early stages of discovery. There is no trial date.

6.

Relief from the automatic stay may be granted "for cause" under 11 U.S.C. § 362(d)(1) and the stay may be lifted "for cause" to allow litigation involving the debtor to proceed in a nonbankruptcy forum under certain circumstances. *In re Blan (Blan v. Nachogdoches County Hospital)*, 237 B.R. 737 (B.A.P. 8th Cir. 1999). What constitutes "cause" for lifting the stay pursuant to 11 U.S.C. 362(d)(1) is not defined in the Bankruptcy Code, but must be determined on a case by case basis, upon examination of the totality of the circumstances.

7.

"Courts are generally in agreement that an insurance policy itself will be considered property of the estate." "The more important question the Court must determine is whether the proceeds from liability insurance policies are also considered property of the estate." "Under the typical liability policy, the debtor will not have a cognizable interest in the proceeds of the policy. Those proceeds would normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract."

8.

This Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor. Frequently, these actions are coupled with a pledge by the creditor that he only seeks to go forward to determine the liability and that such liability will be paid by the liability insurance carrier and there is no expense to the estate.

9.

In addressing the issue of allowing a claimant to proceed directly against a debtor's insurer, the 5th Circuit in *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983), stated:

> We cannot read the language of § 362(a)(1), 'against the debtor,' **as including the debtor's liability insurers.** Nor does any other provision of § 362 grant the insurer an automatic stay. Section 362, as discussed above, provides a narrow protection directed at the debtor and its estate. Those interests are not automatically impinged by suit against the debtor's liability insurer in an instance in which the payments by the insurer cannot inure to the debtor's pecuniary benefit. Such as the situation in the case at bar. A payment by the liability carrier will neither enhance nor decrease the bankruptcy estate. (emphasis added).

10.

Liability insurance policy proceeds are available to the injured party, not the debtors. The court held *In re The Babcock & Wilcox Co.*, 2001 WL 536305 (E.D.La 2001), that proceeds of liability insurance policies are not property of the debtor's estate, that the debtors had no right to the proceeds, and that the liability insurance policies' beneficiaries are the injured claimants harmed by the insured. At pages 4-5, the court stated:

> In *Louisiana World Exposition*, the Fifth Circuit held that whether insurance proceeds are property of the estate depends on the nature of the insurance policy. See In re Louisiana World Expedition, Inc., 832 F.2d 1391, 1399 (5th Cir. 1987) (proceeds of debtor's liability policy payable to directors and officers not part of debtor's estate). In Edgeworth,the Fifth Circuit explained its reasoning in *Louisiana World Exposition*:

The overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim. When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate.

*See Edgeworth*, 993 F.2d at 55-56 (emphasis added). The *Edgeworth* court distinguished casualty, collision, fire, and life insurance policies in which the beneficiary is the debtor from liability policies that are payable to those harmed by the debtor. *See id.* at 56. In doing so, the court found that a doctor's liability policy was property of the estate but the proceeds of that policy were not. *See id.*

The policies at issue here are also liability policies. The policies' beneficiaries are those harmed by the insured. The debtor would have no right to keep these proceeds when the insurer pays a claim. Therefore, the proceeds of the policies are not property of the debtor's estate under the Louisiana World Exposition/Edgeworth analysis [footnote omitted]. These proceeds could not be made available to creditors other than those who are beneficiaries under the policies.

11.

The policies at issue in this matter are liability policies. The policies' beneficiaries are Movants, who were harmed by the conduct of one or more insured party in the state proceeding. The Knight debtors would have no right to keep any proceeds the insurer may pay on account of Movant's claims. Therefore, the proceeds of the policies are not property of the Knight debtors' estates.

**WHEREFORE** Movants pray that the Court issue an order lifting the automatic stay of 11 U.S.C. § 362 and 1) permit Movants to dismiss Knight Manufacturing LLC as a defendant in all litigation, 2) permit Movants to pursue their direct action against Knight Manufacturing LLC's insurers.

New Orleans, Louisiana, this 16th day of October, 2017

Respectfully submitted,


/s/ Matthew D. Rogenes
Michael G. Stag, La. Bar No. 23314
Ashley M. Liuzza, La. Bar No. 34645
Matthew D. Rogenes, La. Bar No. 36652
Stephen H. Wussow, La. Bar No. 35391
Smith Stag LLC
One Canal Place
365 Canal Street, Ste 2850
New Orleans, LA 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601
Email:  mstag@smithstag.com
        aliuzza@smithstag.com
        mrogenes@smithstag.com
        swussow@smithstag.com