# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-51014 |
| KNIGHT ENERGY HOLDINGS, LLC, *ET AL* [1] | (JOINTLY ADMINISTERED) |
| DEBTORS | CHAPTER 11 |
| | JUDGE ROBERT SUMMERHAYS |

**MOTION FOR ORDER APPROVING (I) THE SALE OF PROPERTY PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363, (II) ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES, AND (III) COMMISSION TO BROKER**

**NOW INTO COURT**, through undersigned counsel, comes Knight Energy Holdings, LLC; Knight Oil Tools, LLC; Knight Manufacturing, LLC; KDCC, LLC, f/k/a Knight Well Services, LLC; Tri-Drill, LLC; Advanced Safety & Training Management, LLC; Knight Security, LLC; Knight Information Systems, LLC; El Caballero Ranch, Inc.; Rayne Properties, LLC; Knight Aviation, LLC; Knight Research & Development, LLC; Knight Family Enterprises, LLC; HMC Leasing, LLC; and HMC Investments, LLC (collectively, the "Debtors"), who hereby moves (the "Motion") this Court for entry of an order authorizing HMC Leasing, LLC ("HMC Leasing") to sell certain real property located at the Southeast corner of Interstate 40 and Cimarron Road, Oklahoma City, Canadian County, State of Oklahoma and as more fully

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508.

described below (the "Property") pursuant to Bankruptcy Code Sections 105 and 363, authorizing the assumption and assignment of certain unexpired leases which may or could be deemed to constitute unexpired leases, and approving as final compensation the commission of the Debtors' broker, CBRE, Inc. ("CBRE")  In support of the Motion, the Debtors contend as follows:

## JURISDICTION

1. Pursuant to 28 U.S.C. §§ 157(b) and 1334, this Court has jurisdiction: (i) to hear and determine the Motion; and (ii) over the persons and property affected. The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue for this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND AND PROCEDURAL HISTORY

2. On August 8, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. HMC Leasing is the owner of the Property which is more fully described as follows:

> Seller hereby agrees to sell to Purchaser and Purchaser hereby agrees to purchase from Seller, subject to all of the terms and conditions of this Agreement, the real property described as North Half (N/2) of the Southwest Quarter (SW/4) and the North Half (N/2) of the Southeast Quarter (SE/4) of Section 23, T12N, R6W of the Indian Meridian, Canadian County, Oklahoma, LESS AND EXCEPT the I-40 Right-of-Way, and LESS AND EXCEPT a tract described as follows: Beginning at the Northeast corner (NE/C) of said North Half of the Southeast Quarter (N/2 SE/4) of Section Twenty-Three (23), thence West along the North line of said N/2 SE/4 a distance of 890.54 feet; thence Easterly on a curve to the right having a radius of 10,560.96 feet a distance of 793.21 feet; thence South 22º31′08″ East a distance of 175.73 feet; thence North 89º53′34″ East a distance of 33 feet to a point on the East line of said N/2 SE/4; thence North along said East line a

distance of 221.40 feet to the point of beginning; together with all improvements thereon and all appurtenances and easements thereunto belonging, less and except the Mineral Interest as defined on Exhibit "A" of the Purchase Agreement.

4. On September 6, 2017, the Debtors filed an application [Dkt. No. 263] to employ CBRE as real estate broker in connection with the sale of the Property. On September 20, 2017, the Court entered an order [Dkt. No. 317] granting the retention of CBRE and approving the Listing Agreement entered into between HMC Leasing and CBRE. Pursuant to the Listing Agreement, the Debtors agreed to compensate CBRE with a commission of 6% of the gross sales price.

5. The Property is subject to the following mortgages/liens:

i. Multiple Indebtedness Mortgage dated March 28, 2011, made and executed by HMC Leasing, LLC, as successor to HMC Leasing, Inc., in favor of IberiaBank, and all future holders, encumbering the Property, filed and recorded on April 5, 2011 in the mortgage records of the County of Canadian, State of Oklahoma, as Document No. 2011 6415, Book 3752, Pages 258-275.

6. During the past two weeks, HMC Leasing received several offers on the Property from Capital Funding Investments, LLC ("Purchaser") and another competing bidder. The initial bid on the Property was $1,000,000, and after several competing bids, the Purchaser made the highest cash offer in the amount of $1,725,000 by the bid deadline. A copy of the Purchase Agreement is attached hereto as Exhibit "A".

7. Pursuant to the Purchase Agreement, the closing on the Property must occur within thirty (30) days of the execution of the Purchase Agreement, or by November 16, 2017.

8. Upon information and belief, HMC Leasing is a lessor under certain Lease Agreements dated August 1, 2004 (as amended, renewed, and/or supplemented, the "Billboard Leases") with The Lamar Companies, as Lessee. Pursuant to the Billboard Leases, HMC Leasing leases certain space to the Lessee on the Property for billboard advertisements. The Billboard

{00359948-1}    3

17-51014 - #419  File 10/17/17  Enter 10/17/17 17:16:24  Main Document  Pg 3 of 9

Leases contained a 10-year term; however, the Debtors believe the Billboard Leases may have been renewed or extended.

## STATUTORY PREDICATES

9. This Motion is brought pursuant to the authority of 11 U.S.C. §§105 and 363(b)(1), 363(f) and 363(m) and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

10. Pursuant to Sections 105, 363(b)(1), 363(f) and 363(m) of the Bankruptcy Code, the Debtors are seeking an order authorizing HMC Leasing to sell the Property, for a total purchase price of $1,725,000 to Purchaser, free and clear of all liens, claims, encumbrances and other interests, in accordance with the terms of the Purchase Agreement.

11. By this Motion, the Debtors also seek entry of an order authorizing HMC Leasing to assume and assign the Billboard Leases to Purchaser pursuant to Section 365 of the Bankruptcy Code to the extent the Billboard Leases are unexpired leases subject to Section 365.

12. Additionally, pursuant to 11 U.S.C. § 330(a), the Debtors request that this Court approve the commission sought by CBRE in the amount of 6% of the gross sales price received from the sale of the Property. Debtors submit that the commission sought is reasonable compensation for the actual and necessary services rendered by CBRE as required under the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

A. **Sale of the Property Pursuant to Section 363**

13. Section 363(b)(1) of the Bankruptcy Code provides that a debtor-in-possession - after notice and hearing - may "use, sell or lease, other than in the ordinary course of business,

property of the estate."[1] Under section 363, a sale of property of the estate should be granted court approval when the sale is an exercise of the Debtors' reasonable business judgment.[2] Bankruptcy courts have considerable discretion in determining whether a sale satisfies the business judgment rule.[3] The Debtors' business judgment should not be second guessed unless the judgment is clearly erroneous, too speculative or contrary to the provisions of the Bankruptcy Code.

14. The proposed sale of the Property is fair and reasonable and is the result of arm's-length negotiations between the parties. The agreement represents the best offer received to date by the Debtors.

15. Under section 363(f) of the Bankruptcy Code, a trustee may sell property free and clear of any lien, claim, or interest in such property if, among other things:

(i) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(ii) such entity consents;

(iii) such interest is a lien and the price at which the property is sold is greater than all liens on such property;

(iv) such interest is in bona fide dispute; or

(v) such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

11 U.S.C. §363(f).

16. Satisfaction of any of the requirements delineated in section 363(f) allows the sale of property free and clear of all liens, claims, encumbrances and other interests. The Debtors submit that any lien, claim, encumbrance or other interest will be satisfied by at least one of the five requirements of section 363(f).

---

[3] *See, e.g., In re Crutcher Resources Corp.*, 72 B.R. 628, 631 (Bankr. N.D. Tex. 1987).

17. Section 363(f)(2) permits a debtor to sell property free and clear of any interests in property if "such entity consents…." 11 U.S.C. §363(f)(2). Therefore, if Iberia Bank, the only holder of a mortgage or lien against the Property, consents to the sale, the Debtors may sell the Property free and clear of any lien, claim, or interest in such property.

18. Additionally, 11 U.S.C. §363(f)(1) permits a debtor-in-possession to, "sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if – (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest…." 11 U.S.C. §363(f)(1). Under applicable nonbankruptcy law, the laws of the State of Oklahoma, the Property could be sold free and clear of all liens, mortgages and judgments, including all of the inferior liens and judgments. *See* Okla. Stat. Ann. tit. 42, § 22 (West) ("The sale of any property on which there is a lien, in satisfaction of the claim secured thereby…extinguishes the lien thereon.").

19. Accordingly, the Debtors request that the Property be sold free and clear of all liens, claims, and encumbrances and other interests, with such claims attaching to the proceeds of the sale in their proper rank and order as set forth herein.

20. If a purchase is in good faith, section 363(m) protects the parties in the event of a reversal or modification on appeal of the authorization of a sale under section 363(b). In determining whether a purchaser has acted in good faith, courts look to the integrity of the purchaser's conduct in the course of the sale proceedings.[4] The Debtors submit that the Purchaser has acted in good faith and the transaction should be afforded protection under section 363(m).

---

[4] *See, e.g., In re Abbots Dairies of Pa., Inc.*, 788 F.2d 143, 147-48 (3rd Cir. 1986).

### B. Assumption and Assignment of Billboard Leases

21. Section 365(a) of the Bankruptcy Code provides in relevant part that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." Bankruptcy courts use the business judgment standard to determine whether to approve assumption and rejection of contracts. *In re Food Barn Stores, Inc.*, 107 F.3d 558, 567, n. 16 (8th Cir. 1997); *see also In re Crystallin, LLC*, 293 B.R. 455, 463 (8th Cir. BAP 2003). This decision entails a "determination that the transaction is in the best interest of the estate." *Id.; see also Crystallin*, 293 B.R. at 464.

22. Additionally, Section 365(f) of the Bankruptcy Code provides that, notwithstanding language in an unexpired lease to the contrary, a debtor is allowed to assign a lease if the debtor assumes such lease in accordance with the provisions of section 365 and provides adequate assurance of future performance by the assignee of the lease, whether or not there has been a default in the lease. 11 U.S.C. §365(f).

23. The Debtors have determined through an exercise of their business judgment that it is in the best interest of the Debtors' estates to assume and assign the Billboard Leases to the Purchaser to the extent they are unexpired leases subject to Section 365. Once the sale closes, HMC will have no rights further rights to the Property and therefore, the Debtors believe the assumption and assignment of the Billboard Leases is necessary.

### C. Approval of Commission

24. Section 330 governs the allowance and amount of compensation a bankruptcy court may award to a professional employed by a trustee or Chapter 11 debtor in possession. Amounts awarded must be limited to "reasonable compensation for actual, necessary services rendered . . . ." 11 U.S.C. § 330(a).

25. As set forth in the Listing Agreement, the Debtors seek to pay CBRE a commission of six (6%) percent of the gross sale price, or $103,500.00. The Debtors submit that CBRE's were necessary to market and sell the Property and were instrumental in assisting with the competing bid process. Therefore, CBRE's services were necessary to the administration of the cases and beneficial to the cases at the time the services were rendered.

26. Further, it is the Debtors' understanding that the commission charged by CBRE is commensurate with commissions charged by CBRE in similar matters, and therefore, the six (6%) percent commission is fair and reasonable.

27. Based on the foregoing, the Debtors request that the Court grant CBRE final compensation of six (6%) percent commission of the gross sale price of the Property, or $103,500.00.

### WAIVER OF THE STAY UNDER BANKRUPTCY RULE 6004(h)

28. The Debtors requests a waiver of the stay that otherwise would be applicable to the order approving the proposed sale of Property pursuant to Bankruptcy Rules 6004(h).

**WHEREFORE**, the Debtors seek entry of an order (i) authorizing HMC Leasing to sell the Property, for a total purchase price of $1,725,000 to Purchaser, free and clear of all liens, claims, encumbrances and other interests, in accordance with the terms of the Purchase Agreement, (ii) authorizing the assumption and assignment of the Billboard Leases to Purchaser to the extent they constitute unexpired leases under Section 365, (iii) granting CBRE final compensation of six (6%) percent commission of the gross sale price of the Property, or $103,500.00 pursuant to 11 U.S.C. §330(a), and (iv) granting such other relief as is just and equitable.

Dated: October 17, 2017.

Respectfully submitted,

*/s/ Cherie Dessauer Nobles*
William H. Patrick, III (La. Bar No. 10359)
Tristan Manthey (La. Bar No. 24539)
Cherie Dessauer Nobles, (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn & Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone:  504-299-3300
Fax:  504-299-3399
**Counsel for Debtors**