**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

|  |  |
|---|---|
| In re:<br>**KNIGHT ENERGY HOLDINGS,<br>LLC, et al.,[1]**<br>Debtors. | §    **Case No. 17-51014**<br>§<br>§    **Chapter 11**<br>§<br>§    **Jointly Administered**<br>§ |

**DEBTORS' MOTION TO APPROVE ADDITIONAL AGREED ADEQUATE
PROTECTION TO JPMORGAN CHASE BANK N.A. AND IBERIABANK**

The Debtors hereby move for entry of an order in the form attached hereto as Exhibit A

(the "Adequate Protection Order") authorizing the Debtors to provide additional adequate

protection to JPMorgan Chase Bank, N.A. ("JPM") and IberiaBank ("Iberia") by paying the Legal

Fees (as defined below) incurred by JPM and Iberia pursuant to a proposed Legal Fee Procedure

(as defined below).

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]    The above-captioned debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors" and each individually a, "Debtor"), along with the last four digits of each debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014)("Knight Holdings"); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC,  (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (0000) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (0000) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026) ("KFE"); HMC Leasing, LLC (0814) (Case No. 17-51027)("HMC Leasing") and HMC Investments, LLC (0000) (Case No. 17-51029).  The Debtors' service address is 2272 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC.  Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 1042 Forum Drive, Broussard, Louisiana 70518.

3.     On August 8, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4.     An Official Committee of Unsecured Creditors was appointed on August 24, 2017 [Docket No. 154].  No trustee or examiner has been requested or appointed in any of these Chapter 11 cases.

5.     On August 25, 2017, the Debtors filed their *Joint Chapter 11 Plan of Reorganization* [Docket No. 162] (the "Proposed Plan").

## BACKGROUND[2]

6.     The Debtors' pre-Petition Date secured debt obligations include (i) three notes payable from KFE to JPM pursuant to which approximately $5,205,059 in principal is owed (collectively, the "JPM Commercial Notes") and (ii) a note payable from HMC Leasing to Iberia pursuant to which approximately $11.2 million in principal is owed (the "Iberia Note").  The Iberia Note and the JPM Commercial Notes are guaranteed by Knight Holdings.

7.     The JPM Commercial Notes are secured by real estate and certain equipment located in Lafayette, Louisiana, and real estate in Seaside, Florida.  The Iberia Note is secured by real estate located in Broussard, Louisiana; Frierson, Louisiana; Gueydan, Louisiana; Rayne, Louisiana; Oklahoma City, Oklahoma; and Rock Springs, Wyoming.

8.     The Debtors believe that the value of their properties that constitute collateral for the JPM Commercial Notes and the Iberia Note is greater than JPM and Iberia's respective secured

---

[2] Additional information regarding the Debtors and these cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Statement of Background Information and Declaration in Support of Debtors' Chapter 11 Petitions and First-Day Motions* [Docket No. 27] (the "First Day Declaration"), filed on the Petition Date and incorporated herein by reference.

claims, thus making JPM and Iberia entitled to payment of their reasonable legal fees as part of their secured claims under Bankruptcy Code § 506(b).

9.       JPM and Iberia were previously granted adequate protection by the Court in the *Final Order Authorizing Limited Use of Cash Collateral, Obtaining Post-Petition Financing Secured by Senior Liens, and Granting Adequate Protection to Existing Lien Holders* [Docket No. 276] (the "Final DIP Order"). Specifically, the Final DIP Order authorized the Debtors to make periodic cash payments to JPM and Iberia equal to the non-default contractual rate of interest under JPM and Iberia's respective notes. Final DIP Order, ¶ 16.

## RELIEF REQUESTED

10.       Through this Motion, the Debtors request authority to provide additional adequate protection to JPM and Iberia by paying all currently unpaid reasonable attorney fees and related costs incurred by, or charged to, JPM and Iberia that are owed under the JPM Commercial Notes and the Iberia Note and any further reasonable attorney fees and related costs incurred by, or charged to, JPM and Iberia that are owed under the JPM Commercial Notes and the Iberia Note on a month-by-month basis through and including the effective date of the Proposed Plan (collectively, the "Legal Fees").

11.       The Debtors propose to pay the Legal Fees pursuant to the below procedure (the "Legal Fee Procedure"):

(a)       All incurred and unpaid Legal Fees incurred on or prior to August 31, 2017 shall be paid on the first business day after the entry of the Adequate Protection Order. These fees are estimated to be approximately $63,094.00 for JPM and approximately $83,144.53 for Iberia.

(b)       Thereafter, on a monthly basis and within ten days after the date of a written invoice forwarded by JPM, Iberia or their counsel by email to the Debtors' bankruptcy counsel, the United States Trustee, counsel to the Majority DIP Lenders (as defined in the Final DIP Order), and counsel to the Official Committee of Unsecured Creditors (collectively, the "Notice Parties"), the Debtors shall pay to JPM and Iberia the amount of any Legal Fees in such

written invoice that are not subject to an objection by the Notice Parties made prior to the expiration of such ten day period.

(c)     In the event a Notice Party objects to all or a portion of such invoice, (i) such objection shall be in writing and served upon the party serving such invoice and all Notice Parties, (ii) such objection shall be limited to the grounds of whether or not the Legal Fees in such invoice are reasonable, (iii) the Debtors shall pay any portion of such invoice that is not subject to such objection, and (iv) the Debtors shall not pay the portion of such invoice that is subject to the objection until after such objection is adjudicated by the Court.

(d)     Any invoice for Legal Fees may include reasonable redactions to preserve information subject to the attorney-client privilege and other appropriate privileges.

12.     Section 363(e) of the Bankruptcy Code provides that "on request of an entity that has an interest in property . . . to be used, sold or leased, by the trustee, the court . . . shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Although the Bankruptcy Code does not expressly define "adequate protection," Section 361 of the Bankruptcy Code provides a non-exhaustive list of examples of adequate protection including: (i) a lump sum or period cash payments; (ii) replacement liens; and (iii) administrative priority claims. *See* 11 U.S.C. § 361. Generally, courts decide what constitutes adequate protection on a case-by-case basis. *See In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986); *see also Resolution Trust Corp. v. Swedeland Dev. Group, Inc. (In re Swedeland Dev. Group, Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994). The purpose of adequate protection is to ensure that a secured party's economic position is not worsened because of the filing of a bankruptcy case. *In re DeSardi*, 340 B.R. 790, 804 (Bankr. S.D. Tex. 2006).

13.     Consistent with the purposes underlying the provision of adequate protection, the proposed Adequate Protection Order provides reasonable additional adequate protection to JPM and Iberia to protect against diminution in value of JPM and Iberia's collateral by virtue of the continued increase in their secured claims by incurrence of Legal Fees.

14.     The Debtors' estates and their creditors will not be adversely affected by the additional adequate protection provided under the proposed Adequate Protection Order.  JPM, Iberia, and the Majority DIP Lenders have consented to the proposed additional adequate protection in connection with negotiations regarding the Proposed Plan.  Additionally, the Legal Fees that are proposed to be paid are subject to review and objection by key creditor constituents under the Legal Fee Procedures, and JPM and Iberia would be entitled to a recovery on account of such Legal Fees in any event under the Proposed Plan.

15.     Therefore, the Debtors respectfully request that the Court authorize the Debtors to provide additional adequate protection to JPM and Iberia by authorizing the payment of their Legal Fees pursuant to the Legal Fee Procedure.

## **PRAYER**

16.     Based upon all the foregoing, the Debtors respectfully request that the Court enter the Adequate Protection Order and grant such other and further relief to which they may be entitled.

Dated: October 19, 2017

Respectfully submitted,

 /s/ William H. Patrick, III
William H. Patrick, III (LA #10359)
Tristan E. Manthey (LA #24539)
Cherie D. Nobles (LA #30476)
**Heller, Draper, Patrick, Horn & Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: 504.299.3300
Facsimile:  504.299.3399

**COUNSEL FOR THE DEBTORS**