IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE:<br><br>KNIGHT ENERGY HOLDINGS, LLC, *ET AL.*[1]<br><br>DEBTORS | CASE NO. 17-51014<br><br>(JOINTLY ADMINISTERED)<br><br>CHAPTER 11<br><br>JUDGE ROBERT SUMMERHAYS |

**MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO
REJECT THE FARM AND RANCH CONTRACT ENTERED INTO BETWEEN
EL CABALLERO RANCH, INC. AND LASALLE RIVER RANCH, LLC AND
<u>RELATED RELIEF</u>**

Knight Energy Holdings, LLC, Knight Oil Tools, LLC, Knight Manufacturing, LLC, KDCC, LLC f/k/a Knight Well Services, LLC, Tri-Drill, LLC, Advanced Safety & Training Management, LLC, Knight Security, LLC, Knight Information Systems, LLC, El Caballero Ranch, Inc. ("<u>El Caballero</u>"), Rayne Properties, LLC, Knight Aviation, LLC; Knight Research & Development, LLC; Knight Family Enterprises, LLC, HMC Leasing, LLC; and HMC Investments, LLC (collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby file this motion (the "<u>Motion</u>"), requesting entry of an order authorizing the Debtors to reject the Farm and Ranch Contract ("Purchase Agreement") as entered into between El Caballero and LaSalle River Ranch, LLC

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508.

{00360296-3}                 1

("LaSalle") and granting related relief. In support of the Motion, the Debtors respectfully state as follows:

## BACKGROUND

1. On August 8, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2. No trustee or examiner has been requested or appointed in any of these Chapter 11 cases. On August 24, 2017, an official committee of unsecured creditors was appointed in these Chapter 11 cases.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion concerns the administration of the Debtors' estates; and therefore, it is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 365(a), and Fed. R. Bankr. P. 6006.

4. El Caballero owns real property located in LaSalle County, Texas, described as 10,247.552 acres and comprised of multiple tracts (the "Property").

5. Cantor Fitzgerald Securities, as administrative agent on behalf of the Secured Credit Facility Lenders, holds a first priority mortgage against the Property.

6. On or about January 15, 2016, El Caballero entered into a purported Purchase Agreement with LaSalle to sell the Property and improvements thereon to LaSalle. The Purchase Agreement is attached hereto as Exhibit "A".

7. In connection with the Purchase Agreement, the broker for LaSalle was John Wallace (Republic Ranches) and the broker for El Caballero was Mark Hubbard (collectively with John Wallace, the "Brokers").

8. In connection with the Purchase Agreement, LaSalle delivered to the title company a check in the amount of $10,000 for the Option Fee (as defined in the Purchase Agreement). El Caballero never negotiated that check.

9. The Debtors believe (1) the Purchase Agreement was never finalized (the deposit check of $10,000 was never negotiated and the parties have not treated the Purchase Agreement as being in effect), or (2) if the Purchase Agreement was originally effective, it has been terminated or otherwise abandoned by the parties or is subject to termination at will. However, out of an abundance of caution, to the extent the Purchase Agreement is in effect and has not been terminated or abandoned under applicable state law or is not terminable at will (and while reserving all rights and defenses with respect thereto), the Debtors seek to reject the Purchase Agreement under 11 U.S.C. §365.

## RELIEF REQUESTED

10. By this Motion, to the extent the Purchase Agreement is in effect and has not been terminated or abandoned under applicable state law or is not terminable at will (and while reserving all rights and defenses with respect thereto), the Debtors seek entry of an order rejecting the Purchase Agreement under Section 365(a) effective immediately.

11. The Debtors further seek a determination as part of the order of rejection of the Purchase Agreement that: (a) the provisions of Sections 365(h), (i) and (j) are not applicable to the Purchase Agreement, and (b) upon rejection, the Property shall be free

and clear of any and all liens, claims, rights of use or access, and encumbrances of any kind or nature in favor of or asserted by LaSalle and/or the Brokers (and any other party who may assert derivative claims or rights through them) arising from the Purchase Agreement or as a result of its rejection.

## BASIS FOR RELIEF REQUESTED

### A. Rejection of the Purchase Agreement

12. Section 365(a) of the Bankruptcy Code provides in relevant part that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." Bankruptcy courts use the business judgment standard to determine whether to approve rejection of a contract. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)) ("It is well established that 'the question whether a [contract] should be rejected . . . is one of business judgment.'").

13. As noted above, the Debtors believe the Purchase Agreement was never finalized or in the event it was originally effective, has been terminated[2] or otherwise abandoned by the parties under state law, or is subject to termination at will. However, to the extent the Purchase Agreement has not been terminated or abandoned, or is not

---

[2] For example, the Debtors believe the Purchase Agreement has an indefinite duration; accordingly, under Texas law, the Purchase Agreement may be terminable at will. *See Kennedy v. McMullen*, 39 S.W.2d 168, 174 (Tex. Civ. App. 1931), *writ refused* (July 22, 1931). ("As a general proposition a contract indefinite as to the time of its performance may be terminated by either party by giving notice of his intention to do so."); *Clear Lake City Water Auth. v. Clear Lake Utilities Co*., 549 S.W.2d 385, 390 (Tex. 1977) ("The rule which we regard as controlling is that contracts which contemplate continuing performance (or successive performances) and which are indefinite in duration can be terminated at the will of either party."). This Motion is intended to constitute notice of the intention of the Debtors under state law to terminate the Purchase Agreement and return the deposit check to Lasalle (which as noted has never been negotiated).

subject to termination at will under applicable state law, the Debtors seek to reject the Purchase Agreement effective immediately pursuant to Section 365(a) of the Bankruptcy Code.

14. The purchase price of $16,396,083.00 stated in the Purchase Agreement is less than what the Property is worth and the Debtors believe it is in their best interests to reject the Purchase Agreement. *See Rivercity v. Herpel, et. al. (Matter of Jackson Brewing Company)*, 567 F.2d 618 (5th Cir. 1978) (Fifth Circuit affirmed decision authorizing rejection of option to purchase real estate as burdensome executory contract where value of property was greater than the purchase price). Through an exercise of their business judgment, the Debtors wish to reject the Purchase Agreement. Debtors submit that such rejection is in the best interest of the Debtors and other parties in interest, including the Senior Secured Credit Facility Lenders.

**B. Rejection of Executory Contract for Sale of Real Property**

15. The Debtors further seek a determination that: (a) the provisions of Sections 365(h), (i) and (j) are not applicable to the Purchase Agreement, and (b) upon rejection, the Property shall be free and clear of any and all liens, claims, rights of use or access, and encumbrances of any kind or nature in favor of or asserted by LaSalle and/or the Brokers (and any other party who may assert derivative claims or rights through them) arising from the Purchase Agreement or as a result of its rejection.

16. Sections 365(i)-(j) provide special remedies to a non-debtor counterparty to an executory contract for the sale of real property depending on whether the non-debtor party is in possession of the real property.

17. Specifically, Sections 365(i) and (j) provide:

  (i)(1) If the trustee rejects an executory contract of the debtor for the sale of real property…, under which the purchaser is in possession, such purchaser may treat such contract as terminated, or, in the alternative, may remain in possession of such real property….

(2) If such purchaser remains in possession—

    (A) such purchaser shall continue to make all payments due under such contract, but may, offset against such payments any damages occurring after the date of the rejection of such contract caused by the nonperform-ance of any obligation of the debtor after such date, but such purchaser does not have any rights against the estate on account of any damages arising after such date from such rejection, other than such offset; and

    (B) the trustee shall deliver title to such purchaser in accordance with the provisions of such contract, but is relieved of all other obligations to perform under such contract.

11 U.S.C. §365(i).

A purchaser that treats an executory contract as terminated under subsection (i) of this section, or a party whose executory contract to purchase real property from the debtor is rejected and under which such party is not in possession, has a lien on the interest of the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid.

11 U.S.C. §365(j).

    18.    Here, the Purchase Agreement purports to be one for an option for the sale of real property, and LaSalle, the non-debtor counterparty, is not and has never been in possession of the Property. Therefore, Section 365(i) is inapplicable. Furthermore, since the Debtors have not negotiated the check for the Option Fee, LaSalle has not paid any portion of the purchase price and therefore, Section 365(j) is inapplicable and neither LaSalle nor the Brokers are entitled to a lien on the Property.

    **WHEREFORE**, the Debtors respectfully request that this Court enter an order (i) authorizing the rejection of the Purchase Agreement if and to the extent it constitutes a contract under state law effective immediately pursuant to Section 365(a) of the

17-51014 - #464  File 10/30/17  Enter 10/30/17 15:33:20  Main Document  Pg 6 of 7

Bankruptcy Code, without prejudice to the Debtors' defenses to liability for rejection damages on the grounds that the Purchase Agreement is not a valid and enforceable contract under state law or is subject to termination at will under applicable state law or otherwise; (ii) requiring LaSalle to file any rejection damage claims no later than thirty (30) days after entry of the order approving this Motion; (iii) providing that the provisions of Section 365(h), (i) and (j) are not applicable to the Purchase Agreement or the rejection thereof; (iv) ordering that upon entry of the order of rejection, the Property shall be free and clear of any and all liens, claims, rights of use or access, and encumbrances of any kind or nature in favor of or asserted by LaSalle and the Brokers (and any other party who may assert derivative claims or rights through them) arising from the Purchase Agreement or its rejection, and (v) granting such other and further relief as is just and proper.

Dated: October 30, 2017

Respectfully submitted,

*/s/ William H. Patrick, III*
William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey (La. Bar No. 24539)
Cherie Dessauer Nobles (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn**
**& Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: (504) 299-3300
Facsimile: (504) 299-3399
**Counsel for Debtors**