THIS NOTICE SEEKS TO ASSUME CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE
NOTICE TO SEE IF THEIR CONTRACTS OR LEASES ARE INCLUDED IN THE
EXHIBIT ATTACHED HERETO TO DETERMINE WHETHER THE MOTION
AFFECTS THEIR CONTRACTS OR LEASES.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-51014 |
| KNIGHT ENERGY HOLDINGS, LLC, *ET AL.*[1] | (JOINTLY ADMINISTERED) |
| DEBTORS | CHAPTER 11 |
| | JUDGE ROBERT SUMMERHAYS |

## NOTICE OF ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED
## LEASES AND PROPOSED CURE COSTS FOR SUCH EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES PURSUANT TO DEBTORS' JOINT CHAPTER 11 PLAN
## OF <u>REORGANIZATION AS OF OCTOBER 17, 2017 [P-417]</u>

**PLEASE TAKE NOTICE** that pursuant to Article V(A) of the *Debtors' Joint Chapter*

*11 Plan of Reorganization as of October 17, 2017* [P-417] (as may be further amended from time

to time (the "<u>Plan</u>") filed by Knight Energy Holdings, LLC, Knight Oil Tools, LLC, Knight

Manufacturing, LLC, KDCC, LLC f/k/a Knight Well Services, LLC, Tri-Drill, LLC, Advanced

Safety & Training Management, LLC, Knight Security, LLC, Knight Information Systems, LLC,

El Caballero Ranch, Inc., Rayne Properties, LLC, Knight Aviation, LLC; Knight Research &

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are
Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight
Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-
51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-
51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021);
El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation,
LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family
Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments,
LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana
70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing,
LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training
Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508.

{00360349-2}

Development, LLC; Knight Family Enterprises, LLC, HMC Leasing, LLC; and HMC Investments, LLC (collectively, the "Debtors"), the Executory Contracts and Unexpired Leases listed on Exhibit "A" attached hereto are anticipated to be assumed by the applicable Reorganized Debtor[2] (whether or not the correct Reorganized Debtor is listed on Exhibit "A" as the counterparty to any particular contract or lease) (as amended or modified from time to time including any supplements or sub-parts thereto, the "Executory Contracts and Unexpired Leases for Assumption") on the Effective Date pursuant to Section 365 of the Bankruptcy Code;

      **PLEASE TAKE FURTHER NOTICE** that the Executory Contracts and Unexpired Leases for Assumption may be amended through the Effective Date. Notice of any such amendment shall promptly be given through a supplemented notice of assumption to all affected parties;

      **PLEASE TAKE FURTHER NOTICE** that, if the non-Debtor party to any of the Executory Contracts and Unexpired Leases for Assumption objects to the proposed assumption of its respective Executory Contract or Unexpired Lease, by the Reorganized Debtors, such non-Debtor counterparty must file an objection with the Bankruptcy Court to such assumption **on or before five (5) days prior to the Confirmation Hearing Date, or November 24, 2017**. **Any counterparty to any of the** Executory Contracts and Unexpired Leases for Assumption **that fails to timely object to the proposed assumption of its respective Executory Contract or Unexpired Lease will be deemed to have consented to such assumption.**

      **PLEASE TAKE FURTHER NOTICE** that Exhibit A reflects the applicable proposed cure payment (the "Proposed Cure") related to each of the Executory Contracts and Unexpired Leases for Assumption, which may be amended through the Effective Date, and subject to the

---

2 Unless otherwise defined in this Notice, capitalized terms used in this Notice shall have the meanings set forth in the Plan.

occurrence of, the Effective Date of the Plan, that is required to be paid pursuant to section 365 of the Bankruptcy Code to cure any defaults under such contracts or leases upon the assumption thereof;

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Article V(B) of the Plan, if the non-Debtor counterparty to any of the Executory Contracts and Unexpired Leases for Assumption objects to the applicable Proposed Cure set forth on the attached Exhibit A, such non-Debtor party must file an objection with the Bankruptcy Court to such Proposed Cure **on or before five (5) days prior to the Confirmation Hearing Date, or November 24, 2017**. **Any such request and/or objection that is not timely filed shall be disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Reorganized Debtor, without the need for any objection by the Reorganized Debtors or any other party in interest or any further notice to or action, order, or approval of the Bankruptcy Court.** Any objection relating to the Proposed Cure shall specify the cure payment proposed by the counterparty for the applicable Executory Contract or Unexpired Lease to be assumed;

**PLEASE TAKE FURTHER NOTICE** that, if there is any dispute regarding any Proposed Cure, the ability of the Reorganized Debtors or any assignee to provide "***adequate assurance of future performance***" within the meaning of section 365 of the Bankruptcy Code, or any other matter pertaining to assumption, then payment of such Proposed Cure shall occur as soon as reasonably practicable after entry of a Final Order resolving such dispute, approving such assumption (and, if applicable, assignment), or as may be agreed upon by the Debtors or the Reorganized Debtors, as applicable, and the counterparty to the Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE** that to the extent that any dispute with respect to the amount of any Proposed Cures regarding any of the Executory Contracts and Unexpired Leases

for Assumption is resolved or determined, including by entry of an order by the Bankruptcy Court, in a manner that is not acceptable to the Debtors or Reorganized Debtors, as applicable, the Debtors or Reorganized Debtors, as applicable, may reject the applicable Executory Contract or Unexpired Lease within twenty (20) days after such resolution or determination by filing and serving upon the counterparty to such Executory Contract or Unexpired Lease a notice of rejection. Upon service of such notice of rejection, such Executory Contract or Unexpired Lease shall be deemed to be rejected without the need for further action or an order from the Bankruptcy Court, and such counterparty may thereafter file a Proof of Claim in the manner set forth in Article V.G of the Plan.

**PLEASE TAKE FURTHER NOTICE** that, assumption of any of the Executory Contracts and Unexpired Leases for Assumption pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under such assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption. **Any and all Proofs of Claim (but, for the avoidance of doubt, not including Cures) based upon any of the Executory Contracts and Unexpired Leases for Assumption that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, shall be deemed disallowed and expunged as of the Effective Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.**

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding anything to the contrary in the Plan, the Debtors or the Reorganized Debtors, as applicable, reserve the right to alter, amend, modify, or supplement the schedule of Executory Contracts and Unexpired Leases for Assumption identified in this Notice and the Plan at any time prior to the Effective Date.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding any provisions of this Notice or the Plan, the Debtors make no admission and reserve all rights to dispute whether any of the Executory Contracts and Unexpired Leases for Assumption constitute executory contracts or unexpired leases under Section 365 of the Bankruptcy Code.

Dated: November 6, 2017

Respectfully submitted,

*/s/ Tristan E. Manthey*
William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey (La. Bar No. 24539)
Cherie Dessauer Nobles (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn**
**& Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: (504) 299-3300
Facsimile: (504) 299-3399
**Counsel for Debtors**