IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-51014 |
| KNIGHT ENERGY HOLDINGS, LLC, *ET AL.* [1] | (JOINTLY ADMINISTERED) |
| DEBTORS | CHAPTER 11 |
| | JUDGE ROBERT SUMMERHAYS |

**MOTION PURSUANT TO SECTION 365(d)(4) OF THE
BANKRUPTCY CODE FOR AN ORDER EXTENDING THE TIME
WITHIN WHICH THE DEBTORS MAY ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

**NOW INTO COURT**, through undersigned counsel, come Knight Energy Holdings, LLC; Knight Oil Tools, LLC; Knight Manufacturing, LLC; KDCC, LLC, f/k/a Knight Well Services, LLC; Tri-Drill, LLC; Advanced Safety & Training Management, LLC; Knight Security, LLC; Knight Information Systems, LLC; El Caballero Ranch, Inc.; Rayne Properties, LLC; Knight Aviation, LLC; Knight Research & Development, LLC; Knight Family Enterprises, LLC; HMC Leasing, LLC; and HMC Investments, LLC (collectively, the "Debtors"), who respectfully move this Court for entry of an order extending the time within which the Debtors may assume or reject unexpired leases of nonresidential real property (the "Motion") pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508.

{00359105-2}

section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, the Debtors respectfully submit as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. The statutory basis for the relief requested herein is 11 U.S.C. §365(d)(4).

## Background

3. On August 8, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4. The Debtors filed *Debtors' Joint Chapter 11 Plan of Reorganization as of October 17, 2017* [P-417] (as may be further amended from time to time the "Plan"), which provides for the assumption and rejection of executory contracts and unexpired leases.

5. In accordance with the Plan, the Debtors filed a *Notice of Assumption of Executory Contracts and Unexpired Leases and Proposed Cure Costs for Such Executory Contracts and Unexpired Lease Pursuant to Debtors' Joint Chapter 11 Plan of Reorganization as of October 17, 2017* [Docket No. 488] and *Second Notice of Assumption of Executory Contracts and Unexpired Leases and Proposed Cure Costs for Such Executory Contracts and Unexpired Lease Pursuant to Debtors' Joint Chapter 11 Plan of Reorganization as of October 17, 2017* [Docket No. 489].

6. The confirmation hearing on the Debtors' Plan (the "Confirmation Hearing") is scheduled for November 29, 2017.

7. The present deadline for the assumption or rejection of unexpired nonresidential real property leases is December 6, 2017 (the "Current Assumption Deadline").

8. This Motion is being filed out of an abundance of action. While the Confirmation Hearing is scheduled for November 29, 2017, it is possible that even if confirmed the Plan may not be effective prior to the Current Assumption Deadline.

**Relief Requested**

9. By this Motion, the Debtors request that this Court extend the time in which the Debtors may assume or reject any leases and other agreements which may be considered "unexpired leases of nonresidential real property" pursuant to section 364(d)(4) of the Bankruptcy Code. The Debtors request an additional ninety (90) days to assume or reject said nonresidential real property leases, or until and including March 6, 2018.

**Basis for Relief**

10. Section 365(d)(4) provides that a court may, for cause, extend the 120-day period in which a debtor may assume leases of nonresidential real property for up to an additional ninety (90) days. Section 365(d)(4) further provides that a court may grant subsequent extensions only upon prior written consent of the lessor in each instance.

11. Courts consider several factors in determining whether cause exists for an extension under section 365(d)(4), including, but not limited to: (i) whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization; (ii) whether the case is complex and involves a large number of leases; (iii) whether the debtor is paying for the use of the property; and (iv) whether the debtor has had

3

{00359105-2}

17-51014 - #491  File 11/07/17  Enter 11/07/17 11:12:02  Main Document  Pg 3 of 6

insufficient time to intelligently appraise each lease's value to a plan of reorganization. *See In re Wedtech Corp.*, 72 B.R. 464, 471-472 (Bankr. S.D.N.Y. 1987)*; South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys , Inc.)*, 94 F.3d 755, 761 (2nd Cir. 1996); *In re Panaco, Inc.*, 2002 WL 31990368 (Bankr. S.D. Tex. 2002).

**(i)     The Leases are Important Estate Assets**

12.     The importance of nonresidential real property leases to a chapter 11 case is a key factor in justifying an extension of time within which to assume or reject such leases. *In re Wedtech*, 72 B.R. at 471-472.  The Debtors assert cause exists to extend the deadline to assume or reject all non-residential leases, and any other agreements which may be subject to section 365 of the Bankruptcy Code, because in the event the Debtors' Plan is not yet effective by the Current Assumption Deadline, the Debtors may need additional time to assume or reject the leases.

13.     As the unexpired real property leases are an integral part of the Debtors' businesses and make up a portion of the Debtors' value as a going concern, the Debtors are seeking additional time to address the issues and concerns identified herein.  Without several of these leases, the Debtors would be unable to operate their businesses, which in turn may deprive the Debtors of any meaningful opportunity to reorganize.  With significant dollars at stake among numerous leases, cause exists to extend the statutory 120-day period in which the Debtors may assume or reject nonresidential real property leases.

**(ii)     The Size and Complexity of These Cases Justify the Requested Relief**

14.     Courts have regularly held that the size and complexity of a case, and the inevitable delay which these factors cause in evaluating specific leases and developing a chapter 11 plan, warrant an extension of time under section 364(d)(4) of the Bankruptcy Code.  See

4

{00359105-2}

17-51014 - #491  File 11/07/17  Enter 11/07/17 11:12:02  Main Document  Pg 4 of 6

*Chapman Inv. Assocs. v. Am. Healthcare Mgmt. (In re Am. Healthcare Mgmt.)*, 94 B.R. 420, 422 (N.D. Tex. 1989); *In re Wedtech*, 72 B.R. at 471- 472; *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 882 (Bankr. E.D.N.Y. 1987).

15. As discussed above, the Debtors are obligated as lessees on numerous nonresidential real property leases. These cases involve 15 related debtors and have had numerous issues to deal with in the early stages of the bankruptcy cases involving several constituencies. The bankruptcy cases are certainly large and complex by any standard. Thus, as a result of the size and complexity of these cases, the Debtors need additional time assume or reject their nonresidential real property leases.

### (iii) The Debtors Are Continuing to Pay Rent Under Their Nonresidential Real Property Leases

16. The Debtors are continuing to pay the rents and are complying with other obligations under their leases for all third-party leases at which the Debtors operate their businesses.

### (iv) The Statutory 120-Day Period Will Not Provide the Debtors With Sufficient Time to Appraise Each Lease's Value to a Plan of Reorganization

17. As stated above, because of the size and complexity of these cases and the Debtors' businesses and the number of nonresidential leases of real property to which the Debtors are a party, the 120-day statutory period may not provide the Debtors with sufficient time to assume or reject the leases.

18. Accordingly, for these reasons and the reasons more fully set out above, the Debtors submit that cause exists to extend the deadline imposed by section 364(d)(4) of the Bankruptcy Code, and respectfully request that this Court extend the time in which the Debtors

may assume or reject any unexpired leases of nonresidential real property for an additional ninety (90) days, or until March 6, 2018.

**WHEREFORE**, the Debtors respectfully request that, after due notice and such hearing as this Court deemed proper, this Court enter an order extending the time in which the Debtors may assume or reject any and all leases and agreements which may be "unexpired leases of nonresidential real property" or otherwise subject to section 364(d)(4) of the Bankruptcy Code for an additional ninety (90) days, or until March 6, 2018. The Debtors further request all other general and equitable relief as is just and proper.

Dated: November 7, 2017.

    Respectfully submitted,

*/s/ Tristan E. Manthey*
William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey, (La. Bar No. 24539)
Cherie Dessauer Nobles, (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn & Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300 // Fax: 504-299-3399
**Counsel for Debtors**