**THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES. PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR CONTRACTS OR LEASES ARE INCLUDED IN THE EXHIBIT ATTACHED HERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR CONTRACTS OR LEASES.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-51014 |
| KNIGHT ENERGY HOLDINGS, LLC, *ET AL.* [1] | (JOINTLY ADMINISTERED) |
| DEBTORS | CHAPTER 11 |
| | JUDGE ROBERT SUMMERHAYS |

**SECOND MOTION FOR AN ORDER PURSUANT TO SECTION 365(a)
OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS TO
(A) REJECT CERTAIN EXECUTORY CONTRACTS AND LEASES AND
(B) SET A BAR DATE FOR ANY AND ALL CLAIMS AGAINST THE DEBTORS
RELATED TO THE EXECUTORY CONTRACTS AND LEASES**

**NOW INTO COURT**, through undersigned counsel, come Knight Energy Holdings, LLC; Knight Oil Tools, LLC; Knight Manufacturing, LLC; KDCC, LLC, f/k/a Knight Well Services, LLC; Tri-Drill, LLC; Advanced Safety & Training Management, LLC; Knight

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508.

Security, LLC; Knight Information Systems, LLC; El Caballero Ranch, Inc.; Rayne Properties, LLC; Knight Aviation, LLC; Knight Research & Development, LLC; Knight Family Enterprises, LLC; HMC Leasing, LLC; and HMC Investments, LLC (collectively, the "Debtors"), as debtors-in-possession, who hereby file this motion ("Motion") seeking entry of an order, pursuant to section 365(a) of Chapter 11 of Title 11 of the United States Bankruptcy Code, authorizing the Debtors to reject certain executory contracts and unexpired leases as set forth on Exhibit "A" attached hereto as amended or modified from time to time including any supplements or sub-parts thereto (collectively, the "Rejected Contracts and Leases"), to the extent they are executory contracts or unexpired leases, and to set a bar date for the counterparties to the Rejected Contracts and Leases to file any and all claims against the Debtors related to the Rejected Contracts and Leases, including but not limited to, rejection damage claims and administrative expense claims, within thirty (30) days after entry of the order on this Motion. In support of this Motion, the Debtors respectfully contend as follows:

## JURISDICTION

1. The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this proceeding pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

2. The authorities for the relief requested herein are sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 3017, 3018 and 6006.

## BACKGROUND

3. On August 8, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage

and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4. No trustee or examiner has been requested or appointed in any of these Chapter 11 cases. On August 24, 2017, an official committee of unsecured creditors was appointed in these Chapter 11 cases.

5. On October 17, 2017, the Debtors filed the *Debtors' Joint Chapter 11 Plan of Reorganization as of October 17, 2017* [Dkt. No. 417] (the "Plan").

6. Pursuant to the Plan, any contract or lease that is not specifically assumed is deemed to be rejected. *See* Plan Art. V(A). However, in an abundance of caution, the Debtors are filing this Motion to ensure counterparties receive additional notice of the rejection of their Rejected Contract and Lease. Notwithstanding any provision of this Motion to the contrary, neither the Debtors' filing of this Motion nor the exclusion of any executory contract or unexpired lease from Exhibit A hereto shall constitute any admission, waiver, or modification of Article V(A) of the Plan.

## RELIEF REQUESTED

7. By this Motion, Debtors seek entry of an order rejecting the Rejected Contracts and Leases pursuant to section 365 of the Bankruptcy effective as of immediately prior to the Petition Date. The Debtors also request that the counterparties to the Rejected Contracts and Leases be required to file any and all claims against the Debtors related to the Rejected Contracts and Leases, including but not limited to any rejection damage claims and administrative expense claims, no later than thirty (30) days after entry of the order approving this Motion.

8. For the avoidance of doubt, notwithstanding any provisions of this Motion or Exhibit A, the Debtors make no admission and reserve all rights to dispute whether any of the Rejected Contracts and Leases constitute executory contracts or unexpired leases under Section 365 of the Bankruptcy Code.

## BASIS FOR RELIEF

9. Section 365(a) of the Bankruptcy Code provides in relevant part that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." Bankruptcy courts use the business judgment standard to determine whether to approve rejection of a contract. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)) ("It is well established that 'the question whether a [contract] should be rejected . . . is one of business judgment.'"); *In re Beare Co.*, 177 B.R. 879, 882 (Bankr. W.D.Tenn. 1994) (("In order for it to be assumed, an executory contract must benefit a debtor's bankruptcy estate, and the assumption of the contract must be an exercise of 'reasonable business judgment.'") (citations omitted)).

10. The Debtors submit that the Rejected Contracts and Leases are not beneficial to their estates and the Debtors' operations.

11. The Debtors have determined through an exercise of their business judgment to reject the Rejected Contracts and Leases, and submit that such rejection is in the best interest of the Debtors and other parties in interest. The Rejected Contracts and Leases are financially burdensome and unnecessary to the Debtors' ongoing operations and business.

12. Considering the foregoing, the Debtors request that this Court authorize them to reject the Rejected Contracts and Leases effective as of immediately prior to the Petition Date, and to set a bar date in connection therewith as set forth herein.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order (1) authorizing the rejection of the Rejected Contracts and Leases, to the extent they constitute executory contracts or unexpired leases, effective as of immediately prior to the Petition Date, (2) setting a bar date for the counterparties to the Rejected Contracts and Leases to file any and all claims against the Debtors related to the Rejected Contracts and Leases, including but not limited to any rejection damage claims and administrative expense claims, no later than thirty (30) days after entry of the order approving this Motion, and (3) granting such other and further relief as is just and proper.

Dated: November 17, 2017

Respectfully submitted,

*/s/ Tristan E. Manthey*
William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey (La. Bar No. 24539)
Cherie Dessauer Nobles (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn & Dabney, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: (504) 299-3300
Facsimile: (504) 299-3399
**Counsel for Debtors**