UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § | CASE NO. 17-51014 |
| | § | |
| KNIGHT ENERGY HOLDINGS, LLC, | § | CHAPTER 11 |
| *et al.*[1], | § | |
|        *Debtors* | § | JOINTLY ADMINISTERED |

### MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. §362 WITH INCORPORATED MEMORANDUM IN SUPPORT, FILED BY SHEILA TURNER, INDIVIDUALLY AND AS NEXT FRIEND OF DAVID JUSTIN TURNER, JR. AND ALEIGHA TURNER, MINOR CHILDREN AND DANNY EARL CAIN AS REPRESENTATIVE OF THE ESTATE OF DAVID JUSTIN TURNER AND AS NEXT FRIEND OF DAVID JUSTIN TURNER, JR. AND ALEIGHA TURNER, MINOR CHILDREN, DAVID BRYAN TURNER, INDIVIDUALLY, MICHAEL BROWN, JOHNNY MULLINS, ERIC JUAREZ, AND ARMANDO GONZALES REGARDING LITIGATION IN THE 295TH JUDICIAL DISTRICT COURT FOR HARRIS COUNTY, TEXAS

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the Court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter, if and only if an objection is filed, on December 12, 2017 at 10:00 a.m. in the First Floor Courtroom, 214 Jefferson Street, Lafayette, Louisiana.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (0000) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17- 51022); Rayne Properties, LLC (0000) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (0000) (Case No. 17- 51029). The Debtors' service address is 2272 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 1042 Forum Drive, Broussard, Louisiana 70518.

1

1.

This Motion for Relief from Automatic Stay is filed on behalf of Sheila Turner, Individually and as Next Friend of David Justin Turner, Jr. and Aleigha Turner, Minor Children and Danny Earl Cain as Representative of the Estate of David Justin Turner and as Next Friend of David Justin Turner, Jr. and Aleigha Turner, Minor Children, David Bryan Turner, Individually, Michael Brown, Johnny Mullins, Eric Juarez, and Armando Gonzales ("Plaintiffs" or "Movers") who are the plaintiffs in the civil matter captioned and numbered *Sheila Turner, Individually and as Next Friend of David Justin Turner, Jr. and Aleigha Turner, Minor Children and Danny Earl Cain as Representative of the Estate of David Justin Turner and as Next Friend of David Justin Turner, Jr. and Aleigha Turner, Minor Children, David Bryan Turner, Individually, Michael Brown, Johnny Mullins, Eric Juarez, and Armando Gonzales versus Basic Energy Services, LP; Midstates Petroleum Company, Inc.; Knight Oil Tools, LLC; Stewart Luce; RWDY, Inc.; Taylor Industries, LLC and Guice Engineering, Inc.,* Case No. 2015-73209 on the docket of the 295th Judicial District Court of Harris County, Texas ("Proceeding"). The Proceeding is a civil action. Movers seek relief from the automatic stay of Bankruptcy Code § 362(a) to proceed to prosecute their claims against the non-debtor defendants, including any direct action against defendant-insurers.

2.

Jurisdiction in this Court is premised on 28 U.S.C. §§ 157 and 1334. This is a core proceeding and is brought to obtain relief relative to the automatic stay afforded by 11 U.S.C. §362(a). Counsel for Movers has contacted counsel for the respondent in regard to this motion, but have not yet obtained any agreement as to its disposition. Accordingly, this is an opposed motion pursuant to F.R.B.P. 9014.

3.

Knight Oil Tools, LLC, Knight Energy Holdings, LLC ("Knight") is one of multiple defendants in the Proceeding.

4.

Knight filed a petition for relief under Chapter 11 of Title 11 of the United States Code on August 8, 2017 in this Court.

5.

Movers request relief from the automatic stay to permit Movers to prosecute their claims for damages against the non-debtor defendants, including direct action against any defendant-insurers. Movers request further that the Order requested herein state that the debtor remains a nominal party purely for determination of liability, presentation of evidence in the Proceeding and for the completeness of the record.

6.

The Proceeding is still in the early stages of discovery. Shortly before Knight's filing of the present bankruptcy petition, no trial date is scheduled in the Proceeding. Liability is contested by all parties defendant.

7.

Relief from the automatic stay may be granted "for cause" under 11 U.S.C. § 362(d)(1) and the stay may be lifted "for cause" to allow litigation involving the debtor to proceed in a nonbankruptcy forum under certain circumstances. *In re Blan (Blan v. Nachogdoches County Hospital)*, 237 B.R. 737 (B.A.P. 8th Cir. 1999). What constitutes "cause" for lifting the stay

pursuant to 11 U.S.C. 362(d)(1) is not defined in the Bankruptcy Code, but must be determined on a case by case basis, upon examination of the totality of the circumstances.[2]

8.

"Courts are generally in agreement that an insurance policy itself will be considered property of the estate."[3] "The more important question the Court must determine is whether the proceeds from liability insurance policies are also considered property of the estate."[4] "Under the typical liability policy, the debtor will not have a cognizable interest in the proceeds of the policy. Those proceeds would normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract."[5]

9.

This Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor. Frequently, these actions are coupled with a pledge by the creditor that he only seeks to go forward to determine the liability and that such liability will be paid by the liability insurance carrier and there is no expense to the estate.

10.

In addressing the issue of allowing a claimant to proceed directly against a debtor's insurer, the 5th Circuit in *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983), stated, at 547-548:

> "We cannot read the language of § 362(a)(1), "against the debtor," **as including the debtor's liability insurers.** Nor does any other provision of § 362 grant the insurer an automatic stay. Section 362, as discussed above, provides a narrow

---

[2] *See, e.g., In re Trident Assoc. LP*, 52 F.3d 127 (6th Cir. 1995); *Claughton v. Mixson*, 33 F.3d 4 (4th Cir. 1994); and *In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990).
[3] *In re Sfuzzi, Inc.*, 191 B.R. 664, 666 (Bankr.N.D.Tx. 1996), citations omitted.
[4] *Id.*
[5] *Id.*, at p. 667.

protection directed at the debtor and its estate. Those interests are not automatically impinged by suit against the debtor's liability insurer in an instance in which the payments by the insurer cannot inure to the debtor's pecuniary benefit. Such is the situation in the case at bar. A payment by the liability carrier will neither enhance nor decrease the bankruptcy estate." (emphasis added).

11.

Liability insurance policy proceeds are available to the injured party, not the debtors. *In re The Babcock & Wilcox Co.* 2001 WL 536305 (E.D.La) 2001, the court held that the proceeds of liability insurance policies are not property of the debtor's estate, that the debtors had no right to the proceeds, and that the liability insurance policies' beneficiaries are the injured claimants harmed by the insured. At pages 4 - 5, the court stated:

> "In *Louisiana World Exposition,* the Fifth Circuit held that whether insurance proceeds are property of the estate depends on the nature of the insurance policy. *See In re Louisiana World Expedition, Inc .,* 832 F.2d 1391, 1399 (5th Cir.1987) (proceeds of debtor's liability policy payable to directors and officers not part of debtor's estate). In *Edgeworth,* the Fifth Circuit explained its reasoning in *Louisiana World Exposition:*
>
>> The overriding question when determining whether insurance proceeds are property of the estate is *whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim.* When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate.
>
> *See Edgeworth,* 993 F.2d at 55-56 (emphasis added). The *Edgeworth* court distinguished casualty, collision, fire, and life insurance policies in which the beneficiary is the debtor from liability policies that are payable to those harmed by the debtor. *See id.* at 56. In doing so, the court found that a doctor's liability policy was property of the estate but the proceeds of that policy were not. *See id.*
>
> The policies at issue here are also liability policies. The policies' beneficiaries are those harmed by the insured. The debtor would have no right to keep these proceeds when the insurer pays a claim. Therefore, the proceeds of the policies are not property of the debtor's estate under the *Louisiana World Exposition/Edgeworth* analysis [footnote omitted]. These proceeds could not be made available to creditors other than those who are beneficiaries under the

5

policies."

12.

The policies at issue in this matter are liability policies.  The policies' beneficiaries are Movers, who were harmed by the conduct of one or more insured in the Proceeding.  The Knight debtors would have no right to keep any proceeds the insurer may pay on account of Mover's claims. Therefore, the proceeds of the policies are not property of the Knight debtors' estates.

**WHEREFORE MOVERS** pray that the Court issue an order lifting the automatic stay of 11 U.S.C. §362 and 1) permitting Movers to continue prosecution of their claims as detailed herein, 2) to liquidate their claim against any insurer, but not to enforce any judgment against Knight or the estate without further order of this Court, 3) to conduct discovery including discovery involving Knight, 4) to continue the Proceeding with Knight as a nominal party, 5) to generally conduct the prosecution of the Proceeding, and 6) for such other relief as the court deems due and appropriate.

Respectfully submitted,

/s/ J. David Andress
J. David Andress (# 27944)
Andress | Inzina, LLC
218 Rue Louis XIV, Suite A
Lafayette, Louisiana 70508
Telephone: (337) 347-9919
Facsimile: (337) 541-2553
Email: david@andressinzina.com
*Attorney for Movers*