THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) CASE NO.: 17-51014 |
| KNIGHT ENERGY HOLDINGS, LLC, *ET AL.* | ) |
| | ) CHAPTER 11 |
| | ) |
| Debtors. | |

## OBJECTION BY RLI INSURANCE COMPANY

RLI Insurance Company ("RLI") submits the following Objection to the Debtors' Motion For an Order Pursuant to Section 365(a) of the Bankruptcy Code Authorizing Debtors to (a) Reject Certain Executory Contracts and Leases and (B) Set a Bar Date For Any and All Claims Against the Debtors Related to the Executory Contracts and Leases (Rec. Doc. 486) ("Motion"). Among the contracts the Debtors seek to reject are (1) the Indemnity Agreement dated April 25, 2012 in favor of RLI; and (2) the Indemnity Agreement dated December 13, 2004 in favor of RLI (Rec. Doc. 486-A, Nos. 81-84) ("Indemnity Agreements"). Although the Motion expressly states that the Debtors seek to reject the contracts listed in Exhibit "A" to the Motion only "to the extent they are executory contracts or unexpired leases," out of an abundance of caution, RLI submits the following objection to ensure that its Indemnity Agreements, and Debtors' obligations to RLI thereunder, are not impaired by the Motion.

The Indemnity Agreements are not executory contracts. Under Fifth Circuit jurisprudence, an executory contract is one where the failure of either party to complete performance would constitute a material breach of the contract, thereby excusing the performance of the other party. *See In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62-63 (5th Cir. 1994). As detailed in its proof of claim, RLI has issued several bonds to the Debtors and has suffered loss and expense in connection

**Objection by RLI Insurance Company**          Page 1

17-51014 - #537  File 11/21/17  Enter 11/21/17 16:11:13  Main Document  Pg 1 of 2

with issuing those bonds, entitling RLI to the payment of money from certain of the Debtors. RLI has fully performed its obligations under the Indemnity Agreements (to the extent that RLI had any), leaving only the obligations of the Debtors. *See In re Spectrum Info. Techs., Inc.*, 190 B.R. 741, 748 (Bankr. E.D.N.Y. 1996) ("where the only performance that remains is the payment of money, the contract will not be found to be executory.") Therefore, the Indemnity Agreements do not constitute executory contracts and cannot be rejected under § 365. *See In re Stewart Foods, Inc.*, 64 F.3d 141 (4th Cir. 1995) ("a debtor-in-possession does not have the option of rejecting or assuming non-executory contracts and remains bound by the debtor's obligations under those contracts after the bankruptcy filing.")

Respectfully submitted,

**KREBS FARLEY, PLLC**

/s/ *Elliot Scharfenberg*
Matt Farley
LA Bar No. 5447
Elliot Scharfenberg
LA Bar No. 35304
400 Poydras, Suite 2500
New Orleans, LA 70130
Telephone: 504-299-3570
Facsimile: 504-299-3582
mfarley@kfplaw.com
escharfenberg@kfplaw.com

***ATTORNEYS FOR RLI INSURANCE COMPANY***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served by electronic transmission via the Court's ECF system to all parties authorized to receive electronic notice in this case on this the 21st day of November, 2017.

/s/ *Elliot Scharfenberg*