UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KNIGHT ENERGY HOLDINGS, LLC, *et al.*,[1] | ) Case No. 17-51014 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**OBJECTION OF THE CHUBB COMPANIES TO THE NOTICE OF
ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND PROPOSED CURE COSTS FOR SUCH EXECUTORY CONTRACTS
AND UNEXPIRED LEASES PURSUANT TO DEBTORS' JOINT CHAPTER 11
PLAN OF REORGANIZATION AS OF OCTOBER 17, 2017
AS INCLUDED IN THE PLAN SUPPLEMENT**

ACE American Insurance Company and its affiliates (together with their successors, the "Chubb Companies"), by and through their undersigned counsel, hereby object (the "Objection") to the Notice of Assumption of Executory Contracts and Unexpired Leases and Proposed Cure Costs for Such Executory Contracts and Unexpired Leases Pursuant to Debtors' Joint Chapter 11 Plan of Reorganization As of October 17, 2017 [Doc. No. 488] (the "Assumption Notice"), as included in the Debtors' Plan Supplement [Doc. No. 529] (the "Plan Supplement"), and in support of the Objection, respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17- 51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17- 51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investment, LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508.

## BACKGROUND

I.  **The Bankruptcy Case**

1. On August 8, 2017 (the "Petition Date"), the Debtors filed their respective voluntary petitions for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Louisiana (the "Court").

2. Upon information and belief, the Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On or about August 25, 2017, the Debtors filed their original plan of reorganization and accompanying disclosure statement

4. On or about October 17, 2017, the Debtors filed the Debtors' Joint Chapter 11 Plan of Reorganization As of October 17, 2017 [Doc. No. 417] (the "Plan"),[2] and the accompanying amended disclosure statement [Doc. No. 418] (the "Disclosure Statement").

5. On October 17, 2017, the Court entered an order that, among other things: (a) approved the Disclosure Statement, and (b) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Plan.

II. **The Insurance Program**

6. Prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to the Debtors as named insureds or that otherwise provide coverage to the Debtors.

7. Prior to the Petition Date, the Chubb Companies and the Debtors also entered into certain written agreements in connection with the Policies (as renewed, amended, modified,

---

[2] Capitalized terms used but not defined herein shall have the meaning attributed to them in the Plan.

2

endorsed or supplemented from time to time, and including any exhibit or addenda thereto, collectively, the "Insurance Agreements").

8. Pursuant to the Policies and Insurance Agreements (the "Insurance Program"), the Chubb Companies provide, *inter alia*, workers' compensation, general liability, automobile liability, general liability, international casualty, accident and health, excess general liability, excess workers' compensation, energy and mining, and certain other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein and the insureds, including one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the Insurance Program (the "Obligations").

9. The Obligations are payable over an extended period of time and are subject to future audits and adjustments.

10. As of the date hereof, the Obligations are secured by the proceeds of a letter(s) of credit (collectively and as amended, confirmed, supplemented or replaced, and together with the proceeds thereof, the "Letter of Credit"), and now or in the future, may be secured by certain cash collateral or other collateral or security (collectively with the Letter of Credit, the "Collateral").

11. As of the date hereof, the Debtors owe $241,434.52 to the Chubb Companies on account of the Obligations under the Insurance Program (the "Outstanding Balance").

12. On September 27, 2017, the Chubb Companies filed proofs of claim against each of the Debtors in connection with the Insurance Program (the "Chubb Companies' Claims").

13. On November 6, 2017 the Debtors filed the Assumption Notice.

14. On November 17, 2017 the Debtors filed the Plan Supplement, which includes the Assumption Notice therein as Exhibit 8.

3

15. The Assumption Notice lists some, but not all, of the Policies, and does not list any of the Insurance Agreements.

16. The Assumption Notice also states that the Cure amount for each of the listed Policies is $0.

## SUMMARY OF OBJECTION

17. The Chubb Companies object to the Assumption Notice because it (a) does not list all of the Policies and Insurance Agreements that made up the integrated Insurance Program, and (b) lists a $0 Cure amount for all of the listed Policies when the Debtors have not yet satisfied the Outstanding Balance with respect to the Insurance Program and amounts will continue to accrue with respect to existing insured claims.

## OBJECTION

### I. The Insurance Program and The Obligations Thereunder are Indivisible

18. The Assumption Notice provides that the Debtors intend to assume certain Policies under the Insurance Program, but not all of the Policies, and none of the Insurance Agreements. *See* Assumption Notice, Exhibit A.

19. The Insurance Program, however, is a single, indivisible program, made up of all of the Policies and the Insurance Agreements, and therefore, the Debtors may not assume some Policies without assuming the entire Insurance Program.

20. The Insurance Program, which is an integrated insurance program, must be read, interpreted and enforced together. *See Huron Consulting Servs., LLC v. Physiotherapy Holdings, Inc. (In re Physiotherapy Holdings, Inc.)*, 538 B.R. 225 (D. Del. 2015) (reversing bankruptcy court decision which permitted debtor to assume one agreement between itself and another party, and not the related agreements; holding that all agreements must be assumed or rejected together); *Dunkin' Donuts Franchising LLC v. CDDC Acquisition Co. LLC (In re FPSDA I, LLC)*, 470 B.R.

4

257, 269 (E.D.N.Y. 2012) (holding that "two agreements [were] so interrelated, [that] they form[ed] a single overarching executory contract"); *In re Aneco Elec. Constr.*, 326 B.R. 197, 202 (Bankr. M.D. Fla. 2005) (finding "single, non-severable agreement" where contracts were between same parties and obligations of each party are mutually dependent upon the other); *In re Karfakis*, 162 B.R. 719 (Bankr. E.D. Pa. 1993) (stating "two contracts which are essentially inseparable can be, and should be, viewed as a single, indivisible agreement between the parties").

21. Accordingly, any assumption of the Insurance Program and the obligations thereunder must be in its entirety. *See Quantum Diversified Holdings, Inc. v. Wienheimer (In re Escarent Entities, L.P.)*, 423 F. App'x 462, 466 (5th Cir. 2011) ("[I]t is well-settled that an executory contract cannot be assumed in part and rejected in part.") (citing *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996)); *Century Indem. Co. v. NGC Settlement Tr. (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 506 (5th Cir. 2000) (stating same); *In re Aneco Elec. Constr.*, 326 B.R. at 202; *see also In re University Medical Center*, 973 F.2d 1065, 1075 (3d Cir.), *reh'g en banc denied*, 1992 U.S. App. LEXIS 27506 (Oct. 21, 1992) (stating "(a)ssumption of the executory contract requires the debtor to accept its burdens as well as permitting the debtor to profit from its benefits"); *AGV Productions, Inc. v. Metro Goldwyn-Mayer, Inc.*, 115 F. Supp.2d 378, 391 (S.D.N.Y. 2000) (citing cases); *In re Metro Transp. Co.*, 87 B.R. 338, 342 (Bankr. E.D. Pa. 1982) (stating "assumption or rejection of an executory contrary requires an all-or-nothing commitment going forward, and that hence a debtor cannot assume part of an executory contract in the future while rejecting another part"); *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 304 (Bankr. S.D.N.Y. 1983) (citation omitted) (stating "(i)t is settled law that a trustee or a debtor in possession 'takes the contracts of the debtor subject to their terms and conditions. Contracts adopted by him are assumed *cum onere*'"); *In re Morande Enters.*, 335 B.R.

188, 192 (Bankr. M.D. Fla. 2005) (citation omitted) (stating that the "law is clear that an executory contract may not be assumed in part and rejected in part").

22. Additionally, it is well-established that a party cannot receive the benefits of a contract without being liable for the obligations thereunder. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985) ("Thus, the often-repeated statement that the debtor must accept the contract as a whole means only that the debtor cannot choose to accept the benefits of the contract and reject its burdens to the detriment of the other party to the agreement."); *see also Tompkins ex. rel. A.T. v. Troy Sch. Dist.*, 199 Fed. Appx. 463, 468 (6th Cir. 2006) (holding that it is a basic principle of contract law that a party to an agreement is constrained to accept the burdens as well as the benefits of the agreement); *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1075 (3d Cir. 1992), *superseded by statute on other grounds*; *In re Texas Rangers Baseball Partners*, 521 B.R. 134, 180 (Bankr. N.D. Tex. 2014) ("A debtor may not merely accept the benefits of a contract and reject the burdens to the detriment of the other party."); *Lightfoot v. Borkon (In re Lightfoot)*, 399 B.R. 141, 149 (Bankr. E.D. Pa. 2008) (stating "[a]ssumption of the executory contract requires the debtor to accept its burdens as well as permitting the debtor to profit from its benefits"); *In re Metro Transp. Co.*, 87 B.R. 338, 342 (Bankr. E.D. Pa. 1982) (stating "assumption or rejection of an executory contrary requires an all-or-nothing commitment going forward, and that hence a debtor cannot assume part of an executory contract in the future while rejecting another part"); *In re Morande Enters.*, 335 B.R. 188, 192 (Bankr. M.D. Fla. 2005) (stating that the "law is clear that an executory contract may not be assumed in part and rejected in part") (citation omitted); *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 304 (Bankr. S.D.N.Y. 1983) (stating "[i]t is settled law that a trustee or a debtor in possession 'takes the contracts of the debtor subject to their terms and conditions. Contracts adopted by him are assumed cum onere'") (citation omitted).

23. Because the Debtors seek to continue to receive the benefits of the Insurance Program, the Debtors (or their successors, including the Reorganized Debtors) (i) cannot assume portions of the Insurance Program without assuming all of the Policies and Insurance Agreements that comprise the Insurance Program in their entirety, and (ii) must remain liable for all of the Obligations under the Insurance Program

24. Accordingly, the Reorganized Debtor cannot receive the benefits of the Insurance Program without remaining liable for the Obligations thereunder, regardless of when they arise.

## II. The Proposed Cure Amount of The Policies Listed on the Assumption Notice is Improper

25. The Debtors currently state that there is no Cure amount due to the Chubb Companies on account of the Policies that the Debtors have listed on the Assumption Notice.

26. However, and as more particularly described in the Insurance Program, the Debtors are required to pay the Obligations in connection with the Insurance Program, and, to the extent that the entire Insurance Program is ultimately assumed, amounts may become due and owing under the Insurance Program either prior to or after the assumption thereof.

27. Indeed, there is a current liquidated amount due and owing to the Chubb Companies in the amount of $241,434.52, and this amount is not listed in the Assumption Notice.

28. The Chubb Companies also have contingent and unliquidated claims against the Debtors for the Obligations, given the nature of the Insurance Program and the Obligations. By way of example and not limitation, additional premiums may be payable at audit under the terms of the Insurance Program, based upon factors as they exist throughout the coverage period. Therefore, the Chubb Companies have contingent, unliquidated claims against the Debtors for any additional premium that may become due upon completion of audit(s). By way of further example, as insured claims develop, amounts payable in relation thereto arise at various points in time; so it

7

17-51014 - #557  File 11/22/17  Enter 11/22/17 14:57:10  Main Document  Pg 7 of 12

is common for amounts to arise in the future with respect to insured claims where the date of loss was prior to the Petition Date.

29. Accordingly, as a condition for the assumption of the Insurance Program in connection with the Plan, the Reorganized Debtor must remain liable for all of the Debtors' obligations and liabilities (including the Obligations), whether now existing or hereafter arising, under the Insurance Program including, without limitation, paying Obligations as they become due. As of the date hereof, the liquidated amount of such Obligations is $241,434.52.

## RESERVATION OF RIGHTS

30. The Chubb Companies have been negotiating language for the Plan with the Debtors, and believe that they are substantially in agreement as to language to the included in the Plan with respect to the Objection and certain other concerns raised by the Chubb Companies to the Plan. Given the progress of the negotiations, the Chubb Companies have not filed an object to the Plan. However, to the extent that the language acceptable to the Chubb Companies is not included in the Plan, the Chubb Companies reserve their rights to object to confirmation of the Plan on the grounds set forth above, or on any other ground.

WHEREFORE, the Chubb Companies respectfully request that this Court (a) clarify that all Policies and Insurance Agreements that make up the Insurance Program shall be assumed by the Reorganized Debtors in connection with the Plan; (b) require that the Reorganized Debtor remain liable for all of the Debtors' obligations and liabilities (including the Obligations), whether now existing or hereafter arising, under the Insurance Program, including the Outstanding Balance; and (c) grant such other relief as the Court deems appropriate.

Dated: November 22, 2017

Respectfully submitted,

By: */s/ Robert M. Kallam*
Leah N. Engelhardt (#23232)
Thomas H. Prince (#32219)
**PREIS PLC**
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Tel.: (504) 581-6062
Facsimile: (504) 522-9129
E-Mail: lengelhardt@preisplc.com
tprince@preisplc.com

-and-

Robert M. Kallam (#20242)
**PREIS PLC**
102 Versailles Blvd # 400,
Lafayette, LA 70501
Tel.: (337) 237-6062
Facsimile: (337) 237-9129
E-Mail: rkallam@preisplc.com

-and-

Wendy M. Simkulak, Esquire (*To be admitted Pro Hac Vice*)
Catherine B. Heitzenrater, Esquire (*To be admitted Pro Hac Vice*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 979-1020

*Counsel for the Chubb Companies*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| KNIGHT ENERGY HOLDINGS, LLC, *et al.*,[1] ) | Case No. 17-51014 |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**CERTIFICATE OF SERVICE**

I, Robert M. Kallam, certify that I am not less than 18 years of age, and that I caused a copy of the *Objection of the Chubb Companies to the Notice of Assumption of Executory Contracts and Unexpired Leases and Proposed Cure Costs for Such Executory Contracts and Unexpired Leases Pursuant to Debtors' Joint Chapter 11 Plan of Reorganization As of October 17, 2017 as Included in the Plan Supplement* to be served upon the parties listed on the attached service list by first class mail, postage prepaid on November 22, 2017:

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: November 22, 2017:  */s/ Robert M. Kallam*
ROBERT M. KALLAM (#20242)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17- 51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17- 51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investment, LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508.

# SERVICE LIST

Knight Energy Holdings, LLC
2727 SE Evangeline Thruway
Lafayette, LA 70508

Douglas S. Draper, Esquire
William H. Patrick, III, Esquire
Tristan E. Manthey, Esquire
Cherie D. Nobles, Esquire
Heller, Draper, Patrick, Horn & Dabney, LLC
650 Poydras St #2500
New Orleans, LA 70130

J. David Forsyth, Esquire
201 St. Charles Avenue
Suite 3500
New Orleans, LA 70170-3500

U.S. Trustee
Office of U.S. Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101

Gail Bowen McCulloch, Esquire
300 Fannin, Esquire 3196
Shreveport, LA 71101

Official Committee of Unsecured Creditors
Linda Helmick, Creditor Committee Chair
NLB Corp.
39830 Beck Road
Wixon, MI 48393

Official Committee of Unsecured Creditors
Clayton Courville, Creditor Committee Chair
EDI Environmental Services, Inc.
P.O. Box 607726
Lafayette, LA 70596

Edward H. Arnold, III, Esquire
Jan Marie Hayden, Esquire
Lacey Elizabeth Rochester, Esquire
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Daniel J. Ferretti, Esquire
Susan C. Mathews, Esquire
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1301 McKinney St., Suite 3700
Houston, TX 77010

Rudy J. Cerone, Esquire
Sarah E. Edwards, Esquire
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130

Paul E. Heath, Esquire
Bradley Foxman, Esquire
Eric Hilmo, Esquire
Vinson & Elkins, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975