## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-51014 |
| KNIGHT ENERGY HOLDINGS, LLC, *ET AL.*[1] | (JOINTLY ADMINISTERED) |
| DEBTORS | CHAPTER 11 |
| | JUDGE ROBERT SUMMERHAYS |

## SUMMARY COVER SHEET OF FEE APPLICATION

| | |
|---|---|
| **Name of applicant** | Heller, Draper, Patrick, Horn & Manthey, LLC[2] |
| **Name of client** | Knight Energy Holdings, LLC, *et al* (the "Debtors") |
| **Time period covered by this application** | Start: August 8, 2017<br><br>End: December 12, 2017 |
| **Total compensation sought this period** | $1,155,985 |
| **Total expenses sought this period** | $10,835.82 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508.

[2] Effective December 1, 2017, the firm name changed from Heller, Draper, Patrick, Horn & Dabney, LLC to Heller, Draper, Patrick, Horn & Manthey, LLC.

| | |
|---|---|
| **Petition date** | August 8, 2017 |
| **Retention date** | August 2017 |
| **Date of order approving employment** | August 10, 2017 (Interim Order [Dkt. No. 62]) |
| | August 28, 2017 (Final Order [Dkt. No. 180] |
| **Total compensation approved by interim order to date** | $0.00 |
| **Total expenses approved by interim order to date** | $0.00 |
| **Total allowed compensation paid to date** | $0.00 |
| **Total allowed expenses paid to date** | $0.00 |
| **Blended rate in this application for all attorneys** | $401.66 |
| **Blended rate in this application for all timekeepers** | $301.07 |
| **Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed** | $869,330.25 |

| | |
|---|---|
| **Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed** | $8,355.79 |
| **Number of professionals included in this application** | Six Partners<br><br>One Of Counsel<br><br>One Senior Associate<br><br>One Junior Associate<br><br>Five Paralegals |
| **If applicable, difference between fees budgeted and compensation sought for this period** | Budget: $1,320,000<br><br>Actual: $1,155,985 |
| **Number of professionals billing fewer than 15 hours to the case during this period** | One Partner<br><br>One Senior Associate<br><br>Two Paralegals |
| **Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application** | No |
| **Date of Application:** | January 8, 2018 |
| **Interim or Final** | Final |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 17-51014 |
| KNIGHT ENERGY HOLDINGS, LLC, *ET AL.*[3] | (JOINTLY ADMINISTERED) |
| DEBTORS | CHAPTER 11 |
| | JUDGE ROBERT SUMMERHAYS |

### FIRST AND FINAL APPLICATION FOR COMPENSATION FOR THE PERIOD AUGUST 8, 2017 THROUGH DECEMBER 12, 2017 FOR HELLER, DRAPER, PATRICK, HORN & MANTHEY L.L.C.

**NOW INTO COURT**, comes Heller, Draper, Patrick, Horn & Manthey, L.L.C.

("Heller Draper" or "Applicant"), who files this first and final application ("Application")

seeking entry of an order (a) granting reasonable compensation in the amount of One

Million One Hundred Fifty-Five Thousand Dollars Nine Hundred Eighty-Five and

00/100 ($1,155,985) for services performed by Heller Draper during the period August 8,

2016 through December 12, 2017 ("Fee Period")[4] and Ten Thousand Eight Hundred

Thirty-Five Dollars and 82/100 ($10,835.82) for actual and necessary out-of-pocket

expenses incurred during the Fee Period, and (b) granting said compensation as final.

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508.

[4] Heller Draper had time for August 5, 2017 and August 7, 2017 that was not entered prior to the Petition Date which it has included in this Application.

## Jurisdiction and Venue

1.     This Court has jurisdiction over these cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408, 1409 and 1412.

## Background

### A.  The Debtors' Chapter 11 Cases

2.     On August 8, 2016, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Immediately after filing the voluntary petitions, the Debtors filed an *Emergency Motion for Order Under Bankruptcy Rule 1015(b) Directing Joint Administration of Chapter 11 Cases* [Dkt. No. 2].  The Court entered an order [Dkt. No. 22] directing consolidation of the cases for procedural purposes and joint administration.

3.     Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

### B.  Retention of Heller Draper and Compensation

4.     On August 28, 2017, this Court entered a *Final Order Approving Employment of Heller, Draper, Patrick, Horn, & Dabney, LLC as Counsel for Debtors Nunc Pro Tunc to the Petition Date* [Dkt. No. 180], authorizing the Debtors to employ Heller Draper as bankruptcy counsel.

5.     Up to and including the Petition Date, Heller Draper provided prepetition services and incurred prepetition expenses in connection with the Debtors' Chapter 11 Cases.  In the past twelve months, the Debtors paid Heller Draper $524,131.70 for pre-

petition services and expenses, including the filing fees for these bankruptcy cases. Clearlake Capital Group, LP ("Clearlake"), the Debtors majority secured lender and proposed DIP lender, loaned the Debtors $150,000 of these prepetition amounts paid to Heller Draper which in the interest of efficiency, were wired direct from Clearlake to Heller Draper. The payment by Clearlake was recorded by the Debtors as a loan on the Debtors' books and records. In addition, the Debtors paid $5,330.44 which is being held as a retainer. The retainer is in Heller Draper's trust account, and will be held as security for the payment of fees and expenses due Heller Draper.

6. On August 28, 2017, the Court entered *Final Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Dkt. No. 183] (the "<u>Administrative Order</u>"), which: (i) authorizes professionals, including Heller Draper, to submit monthly fee statements, (ii) authorizes the Debtors to pay one hundred percent (100%) of the monthly fees and one hundred percent (100%) of the monthly expenses requested after a ten (10) day objection period; and (iii) requires the professionals to hold in a trust account twenty percent (20%) of fees received until such holdback is approved for payment by the Court.

7. In accordance with the Administrative Order, Heller Draper has submitted monthly fee statements for the fees and expenses incurred in the months of August 2017 through December 12, 2017. The dates each monthly fee statement was served and the fees and expenses for those months for which Heller Draper sought payment of 100% of fees and 100% of expenses are set forth below:

| Date Served | Applicable Period | Fees | Expenses |
|---|---|---|---|
| 9/8/2017 | August 5, 2017 through August 31, 2017 | $303,523.75 | $2,464.62 |
| 10/10/2017 | September 1, 2017 through September 30, 2017 | $309,495.25 | $3,311.47 |
| 11/9/2017 | October 1, 2017 through October 31, 2017 | $256,311.25 | $2,579.91 |
| 12/6/2017 | November 1, 2017 through November 30, 2017 | $243,586.75 | $1,969.46 |
| 12/15/2017 | December 1, 2017 through December 12, 2017 | $43,068.00 | $510.36 |

8.      Pursuant to the Administrative Order, the Debtors paid Heller Draper for the fees and expenses sought for August 2017 through October 2017. Heller Draper applied eighty percent (80%) of the fees and one hundred percent (100%) of the costs for August 2017 through October 2017, and the remaining twenty (20%) remains in Heller Draper's trust account. As of the date of this Application, Heller Draper has not been paid for fees and costs incurred in November and December 2017.

**C.  Case Status**

9.      On December 1, 2017, the Court entered an order [Dkt No. 576] confirming the *Debtors' Joint Chapter 11 Plan of Reorganization as of November 29, 2017* [Dkt. No. 572] (the "Plan").

10.      The Plan went effective on December 12, 2017. *See, Notice of Occurrence of Effective Date of the Debtors' Joint Chapter 11 Plan of Reorganization as of November 29, 2017* [Dkt. No.589].

## Relief Sought

11.     By this Application, Heller Draper seeks entry of an order granting to it final allowance of compensation in the total sum of One Million One Hundred Sixty-Six Thousand Eight Hundred Twenty Dollars and 82/100 ($1,166,820.82), representing One Million One Hundred Fifty-Five Thousand Nine Hundred Eighty-Five Dollars and 00/100 ($1,155,985) for services performed and Ten Thousand Eight Hundred Thirty-Five Dollars and 82/100 ($10,835.82) for actual and necessary out-of-pocket expenses.

12.     By this Application, Heller Draper also seeks the Court's authority to (1) apply the twenty percent (20%) holdback of fees incurred from August 8, 2017 through December 12, 2017 to any outstanding amount owed for the same time period, and (2) to apply its retainer in the amount of $5,330.44 to any amounts outstanding.

## Budget and Staffing Plans/Fee/Expense Summaries/UST Guidelines

13.     Pursuant to the U.S. Trustee Guidelines, (i) Heller Draper's budgets for August 2017 through December 2017 are attached hereto as Exhibit 1; (ii) Heller Draper's staffing plans are attached as Exhibit 2; (iii) a summary of fees and hours budgeted compared to fees and hours billed for each category is attached as Exhibit 3; (iv) a summary of expenses is attached as Exhibit 4; (v) a summary of the fees for each professional is attached as Exhibit 5; (6) the Declaration of Cherie D. Nobles is attached as Exhibit 6; and (7) the customary and comparable compensation disclosures is attached as Exhibit 7.

14.     While the actual fees for several categories exceeded the fees budgeted by more than ten percent (10%), Heller Draper's total fees billed during the Fee Period did not exceed the fees budgeted by more than ten percent (10%) during the Fee Period.

## Summary of Services and Project Categories

15.    For purposes of this Application, the work performed by Applicant during the Fee Period has been categorized into twenty-five (25) bankruptcy project billing categories. Each billing category has been assigned a billing number.

16.    Set forth below is a description of the services rendered in each bankruptcy billing category:

A.    Case Administration (B110)

This category includes the usual chapter 11 administrative functions required of the Applicant in its representation of the Debtors, including but not limited, conferring with the Debtors on conduct of these proceedings, filing and reviewing pleadings, including but not limited, notices of appearance, and attending to service, matrix and notice issues. Compensation is sought in the following amounts for this project category:

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Douglas S. Draper | 1.60 | $495 | $792.00 |
| William H. Patrick, III | .40 | $495 | $198.00 |
| Tristan E. Manthey | 17.80 | $445 | $7,921.00 |
| Cherie Nobles | 11.20 | $355 | $3,905.00 |
| Kelly Fritscher | 66.20 | $120 | $7,944.00 |
| Ladonna Bush | 1.20 | $120 | $144.00 |
| Robin Terrebonne | 3.90 | $120 | $468.00 |
| **Total** | | | **$21,372.00** |

The work billed under this category was necessary to ensure the effective administration of the Debtors' chapter 11 cases and compliance with the Bankruptcy Code, Bankruptcy Rules and Local Rules. The Applicant is within budget for this category.

B.    <u>Asset Analysis and Recovery</u> (B120)

This category includes the usual chapter 11 administrative functions required of identification and review of potential assets including causes of action and non-litigation recoveries in order to maximize the value of the estates. Specific tasks include communications with counsel and analysis of Knight Resources, claims against GE Fleet, real estate owned by the Debtors, El Caballero, potential claims against equity owners, claims against customers, and the turnover of equipment owned by the Debtors.

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Douglas S. Draper | 19.00 | $495 | $9,405.00 |
| William H. Patrick, III | 15.20 | $495 | $7,524.00 |
| Tristan E. Manthey | 11.20 | $445 | $4,984.00 |
| Cherie Nobles | 3.00 | $355 | $1,065.00 |
| Tiffany Snead | 1.50 | $275 | $412.50 |
| **Total** | | | **$23,390.50** |

The services performed under this category were necessary to maximize the value of recovery to the Debtors' estates by taking steps necessary to analyze the Debtors' potential assets.

C.    <u>Asset Disposition</u> (B130)

This category includes work related to asset disposition in order to maximize the value of the estates. Specific tasks include negotiations related to sales of Debtors' real property, including El Caballero and Oklahoma properties, communications with counsel, brokers and title company, preparation and review of pleadings, purchase agreements, and closing documents related to sale of Oklahoma property.

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Douglas S. Draper | 7.90 | $495 | $3,910.00 |
| William H. Patrick, III | 4.50 | $495 | $2,227.50 |
| Tristan E. Manthey | 5.20 | $445 | $2,314.00 |
| Cherie Nobles | 24.10 | $355 | $8,555.00 |
| Tiffany Snead | 2.60 | $275 | $715.00 |

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Kelly Fritscher | .70 | $120 | $84.00 |
| **Total** | | | **$17,806.50** |

The services performed under this category were necessary to protect the Debtors' interests in the sale of their assets.

D.    Relief from Stay/Adequate Protection Proceedings (B140)

This category includes matters relating to termination or continuation of the automatic stay under 11 U.S.C. §362 and motions for adequate protection under 11 U.S.C. §361. Specific tasks include review of multiple motions to lift stay and negotiations regarding same, and preparation and review of and negotiations related to motions to provide adequate protection to IberiaBank and JPMorgan Bank.

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Douglas S. Draper | .50 | $495 | $247.50 |
| William H. Patrick, III | 2.80 | $495 | $1,386.00 |
| Tristan E. Manthey | 19.20 | $445 | $8,544.00 |
| Cherie Nobles | 3.50 | $355 | $1,242.50 |
| Tiffany Snead | 2.00 | $275 | $550.00 |
| Kelly Fritscher | 1.60 | $120 | $192.00 |
| Ladonna Bush | 1.30 | $120 | $156.00 |
| **Total** | | | **$12,318.00** |

Services performed under this category were necessary to ensure the Debtors' rights would not be adversely affected by the lifting of the automatic stay or granting of adequate protection.

E.    Meetings of and Communications with Creditors (B150)

This category includes, meetings/communications with creditors, equity holders and creditors' committee, and review of related pleadings, including but not limited to, notice appointing unsecured creditors committee.

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Douglas S. Draper | 7.20 | $495 | $3,564.00 |
| William H. Patrick, III | 24.00 | $495 | $11,888.00 |
| Tristan E. Manthey | 48.80 | $445 | $21,716.00 |
| Drew Ballina | 5.80 | $395 | $2,291.00 |
| Cherie Nobles | 1.30 | $355 | $461.50 |
| Tiffany Snead | 5.20 | $275 | $1,430.00 |
| Kelly Fritscher | 12.90 | $120 | $1,548.00 |
| Ladonna Bush | 1.40 | $120 | $168.00 |
| LeeAnn Wright | 1.00 | $120 | $120.00 |
| **Total** | | | **$43,178.50** |

Services in this category were necessary to communicate with and address concerns of the Debtors' creditors and equity holders. Actual fees in this category exceeded the budgeted amount by more than ten (10%).

F.     <u>Fee/Employment Applications</u> (B160)

This category includes preparation and review of applications to employ, fee summaries and fee reports for Applicant and other professionals, including Opportune, Bayshore Partners, real estate brokers, and ordinary course professionals, and related orders. This category also includes communications with professionals and the United States Trustee, compliance with Chapter 11 Large Case Guidelines, and appearance at hearings. Compensation is sought in the following amounts for this project category:

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Douglas S. Draper | 1.40 | $495 | $693.00 |
| William H. Patrick, III | 16.20 | $495 | $8,019.00 |
| Tristan E. Manthey | 40.80 | $445 | $18,156.00 |
| Cherie Nobles | 35.90 | $355 | $12,744.50 |
| Tiffany Snead | 20.20 | $275 | $5,555.00 |
| Kelly Fritscher | 11.70 | $120 | $1,404.00 |
| Ladonna Bush | 4.60 | $120 | $552.00 |
| Robin Terrebonne | .70 | $120 | $84.00 |
| **Total** | | | **$47,207.50** |

Services performed under this category were necessary to retain and compensate professionals of the Debtors and to ensure professionals complied with the Bankruptcy

Code, Bankruptcy Rules and Chapter 11 Large Case Guidelines and the procedures for payments to estate professionals.

G.    Fee/Employment Objections (B170)

This category includes communications, research and preparation of response related to the application to employ Bayshore Partners and objection filed by the Official Committee of Unsecured Creditors. Compensation is sought in the following amounts for this project category:

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Cherie Nobles | 5.50 | $355 | $1,952.50 |
| **Total** | | | **$1,952.50** |

Services performed in this category were necessary to represent the Debtors' interests in connection with employment of professionals in these cases. Applicant is within budget for this category.

H.    Avoidance Action Analysis (B180)

This category includes review of potential avoidance actions under Section 544-549 of the Bankruptcy Code to determine whether adversary proceedings are warranted. No compensation is sought in this category.

I.    Assumption/Rejection of Leases and Contracts (B185)

This category includes the Applicant's efforts with respect to matters involving existing and proposed contracts and leases. Specific tasks include communications with Opportune and counsel regarding specific executory contracts and unexpired leases, preparation of motions to reject, notices of assumption and related pleadings; negotiations related to same; review of contract analysis and telephone conferences regarding the same. Compensation is sought in the following amounts for this project category:

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Douglas S. Draper | .60 | $495 | $297.00 |
| William H. Patrick, III | 25.30 | $495 | **$12,523.50** |
| Tristan Manthey | 38.00 | $445 | **$16,910.00** |
| Cherie Nobles | 36.50 | $355 | **$12,957.50** |
| Tiffany Snead | 10.50 | $275 | **$2,887.50** |
| Kelly Fritscher | 9.50 | $120 | **$1,140.00** |
| Ladonna Bush | .20 | $120 | **$24.00** |
| Robin Terrebonne | .40 | $120 | **$48.00** |
| **Total** | | | **$46,787.50** |

Services performed in this category were necessary to understand the Debtors' ongoing obligations under executory contracts and unexpired leases, the impact of rejecting or assuming contracts and unexpired leases, possible additional administrative expense claims. Actual fees in this category exceeded the budgeted amount by more than ten (10%).

J.    Other Contest Matters (B190)

This category includes efforts of the Applicant that do not specifically fall under any of the other project headings. Applicant's services in this category includes review of pleadings and files and communications with parties in interest related to Radiance litigation and the Debtors' motion to extend deadline remove litigation. Compensation is sought in the following amounts for this project category:

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Tristan Manthey | .50 | $445 | $222.50 |
| Cherie Nobles | 3.60 | $355 | $1,278.00 |
| Tiffany Snead | 3.50 | $275 | $962.50 |
| Robin Terrebonne | 1.40 | $120 | $168.00 |
| **Total** | | | **$2,631.00** |

Services performed under this category were necessary to represent the Debtors' interests in connection with pending litigation.

K.  Non-Working Travel B(195)

This category includes non-working travel where the court reimburses at less than full hourly rates, including travel to and from New Orleans and Lafayette for hearings, meetings and file preparation. Compensation is sought in the following amounts for this project category:

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 28.00 | $247.50 | $6,930.00 |
| William H. Patrick, III | 2.50 | $495[5] | $1,237.50 |
| William H. Patrick, III | 55.20 | $247.50 | $13,662.00 |
| Tristan Manthey | 9.70 | $222.50 | $2,158.25 |
| Leslie Collins | 5.50 | $177.50 | $976.25 |
| Cherie Nobles | 22.70 | $177.50 | $4,029.25 |
| **Total** | | | **$28,993.25** |

Services performed under this category were necessary to properly represent the Debtors at hearings and meetings.

L.  Business Operations (B210)

This category includes issues related to the Debtors operating in chapter 11 such as employee, vendor and other similar problems. Specific tasks include communications and telephone conferences regarding weekly results/operations, communications regarding and review of insurance policies.

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 1.95 | $495 | $965.25 |
| William H. Patrick, III | 4.70 | $495 | $2,326.50 |
| Tristan Manthey | 16.70 | $445 | $7,431.50 |
| Cherie Nobles | .70 | $355 | $248.50 |
| **Total** | | | **$1,091.75** |

---

[5] Heller Draper inadvertently coded 2.5 hours of actual services performed by William H. Patrick, III under the non-working travel code. Heller Draper charged the full hourly rate for those services since they did not involve travel.

Services performed under this category were necessary to understand the Debtors' business operations and insurance, particularly as it related to the Debtors' bankruptcy.

M.    Employee Benefits/Pensions (B220)

This category includes review and preparation related to employee and retiree benefit issues, including compensation, bonuses, severance, insurance benefits, and 401K, pensions or other retirement plans. No compensation is sought in this category.

N.    Financing/Cash Collateral (B230)

Included in this category are the Applicant's efforts with respect to the Debtors' cash collateral and DIP financing. Specific tasks include the preparation and review of correspondence and communication with the Debtors and other interested parties; the review, drafting and revision of pleadings and related documents, including budgets, DIP reports, DIP Financing documents, and negotiations with DIP Lender. Compensation is sought in the following amounts for this project category:

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Douglas S. Draper | 68.90 | $495 | $34,105.50 |
| William H. Patrick, III | 91.50 | $495 | $45,292.50 |
| Tristan E. Manthey | 30.00 | $445 | $13,350.00 |
| Constant Marquer | 8.85 | $445 | $3,938.25 |
| Leslie Collins | 1.50 | $355 | $532.50 |
| Cherie Nobles | 22.40 | $355 | $7,952.00 |
| Greta Brouphy | .80 | $355 | $284.00 |
| Tiffany Snead | .20 | $275 | $55.00 |
| Kelly Fritscher | 1.90 | $120 | $228.00 |
| LeeAnn Wright | .40 | $120 | $48.00 |
| Robin Terrebonne | 1.00 | $120 | $120.00 |
| Deborah Hepting | .70 | $120 | $84.00 |
| **Total** | | | **$105,989.75** |

Services performed in this category were necessary to ensure the Debtors obtained debtor-in-possession financing and maintained the ability to use cash collateral in order to continue operating during their bankruptcy cases and compliance with DIP

orders, to protect the Debtors' interests in connection therewith and to ensure the Debtors complied with orders related to the same. Actual fees in this category exceeded the budgeted amount by more than ten (10%).

O.    Tax Issues (B240)

This category includes communications regarding, analysis of and research related to tax issues (state and federal), use and sale taxes, property taxes, and tax consequences related to the Debtors' operations, Knight Resources and the Plan.

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 99.05 | $495 | $49,029.75 |
| William H. Patrick, III | 1.30 | $495 | $643.50 |
| Tristan Manthey | .50 | $445 | $222.50 |
| Constant Marquer | 15.30 | $445 | $6,808.50 |
| Leslie Collins | 68.25 | $355 | $24,228.75 |
| Ladonna Bush | 1.00 | $120 | $120.00 |
| Deborah Hepting | 4.50 | $120 | $540.00 |
| **Total** | | | **$81,593.00** |

Services performed in this category were necessary to understand various tax issues facing the Debtors and to understand tax implications to properly represent the Debtors in connection therewith. Actual fees in this category exceeded the budgeted amount by more than ten (10%).

P.    Real Estate (B250)

This category includes review and analysis of real estate-related matters, including purchase agreements and lease provisions. No compensation is sought in this category.

Q.    Board of Directors/Corporate Governance (B260)

This category includes communications regarding corporate governance/authority issues and corporate resolutions; review of corporate documents and analysis of same.

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 10.90 | $495 | $5,395.50 |
| William H. Patrick, III | 6.30 | $495 | $3,118.50 |
| Tristan Manthey | .30 | $445 | $133.50 |
| Cherie Nobles | 1.20 | $355 | $426.00 |
| **Total** | | | **$9,073.50** |

Services performed in this category were necessary to understand any corporate governance issues facing the Debtors.

R.    Claims Administration and Objections (B310)

This category addresses the Applicant's work with respect to claims against the Debtors. Particular tasks include the review and preparation of pleadings and related documents, including bar date motion, proofs of claim, critical vendor motions and orders, claims analysis/research, motions for administrative expense claims; related communications with the Debtors and others; review of lien notices and claims. Compensation is sought in the following amounts for this project category:

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 11.25 | $495 | $5,568.75 |
| William H. Patrick, III | 27.10 | $495 | $13,414.50 |
| Tristan E. Manthey | 83.00 | $445 | $36,935.00 |
| Cherie Nobles | 41.80 | $355 | $14,839.00 |
| Tiffany Snead | 41.10 | $275 | $11,302.50 |
| Kelly Fritscher | 26.70 | $120 | $3,204.00 |
| Ladonna Bush | 1.10 | $120 | $132.00 |
| Robin Terrebonne | 7.80 | $120 | $936.00 |
| **Total** | | | **$86,331.75** |

Services performed in this category were necessary in order to understand the claims held against the Debtors and to establish a bar date for filing those claims. Actual fees in this category exceeded the budgeted amount by more than ten (10%).

S.    <u>Plan and Disclosure Statement</u> (B320)

This category includes the formulation of and negotiations with parties-in-interest regarding the Debtors' disclosure statement, exhibits to disclosure statement (liquidation analysis and financial projections) and consensual plan, communications with creditors regarding the same, the preparation of ballots, motion to approve disclosure statement and solicitation/tabulation rules, review of voting results, responses related to objections to the Debtors' disclosure statement and plan, disclosure statement order, confirmation order and closing documents; communications with Voting Agent and other counsel regarding same. This category also include preparation for and attendance at the confirmation hearing on the Debtors' plan which was confirmed by the Court. Compensation is sought in the following amounts for this project category:

| Name | Hours | Hourly Rate | Total |
|------|-------|-------------|-------|
| Douglas S. Draper | 193.40 | $495 | $95,722.00 |
| William H. Patrick, III | 457.90 | $495 | $226,660.50 |
| Tristan E. Manthey | 135.10 | $445 | $60,119.50 |
| Leslie Collins | 9.65 | $355 | $3,425.75 |
| Cherie Nobles | 262.80 | $355 | $93,294.00 |
| Tiffany Snead | 14.90 | $275 | $4,097.50 |
| Kelly Fritscher | 32.30 | $120 | $3,876.00 |
| Ladonna Bush | 3.70 | $120 | $444.00 |
| LeeAnn Wright | 1.35 | $120 | $162.00 |
| Robin Terrebonne | 4.60 | $120 | $552.00 |
| **Total** | | | **$488,364.25** |

Services performed in this category were necessary to assist the Debtors in approving their disclosure statement, reaching a consensual plan of reorganization and emerging from Chapter 11. Actual fees in this category exceeded the budgeted amount by more than ten (10%).

T.    Valuation (B340)

This category includes the efforts related to the valuation of the Debtors' assets, including but not limited communications and analysis related to the valuation of the Debtors' real estate and equity.

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 10.55 | $495 | $5,197.50 |
| William H. Patrick, III | 5.60 | $495 | $2,772.00 |
| Tristan Manthey | .40 | $445 | $178.00 |
| **Total** | | | **$8,147.50** |

Services in this category were necessary to obtain a better understanding of the Debtors' value in order to prepare a plan of reorganization.

U.    Reporting (B350)

This category includes the Applicant's work related to the monthly operating reports, schedules and statements of financial affairs, and any other accounting or reporting activities. The services in this category includes preparation, review, and filing of pleadings and reports, including the Debtors' schedules and statements of financial affairs (and any amendments thereto), monthly operating reports and IDI materials; and communications with client and United States Trustee regarding the same.

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 10.45 | $495 | $5,172.75 |
| William H. Patrick, III | 8.00 | $495 | $3,960.00 |
| Tristan Manthey | 64.10 | $445 | $28,524.50 |
| Cherie Nobles | 25.90 | $355 | $9,194.50 |
| Tiffany Snead | 35.10[6] | $275 | $9,652.50 |
| Kelly Fritscher | 9.80 | $120 | $1,176.00 |
| Ladonna Bush | 2.40 | $120 | $288.00 |
| LeeAnn Wright | .20 | $120 | $24.00 |

---

[6] Heller Draper inadvertently coded 0.70 hours of Tiffany Snead's time in a code that is not used in this matter. The services should have been coded under the Reporting Code; therefore, Heller Draper has added that time and fees ($192.50) to this category.

| | | | |
|---|---|---|---|
| Robin Terrebonne | 1.30 | $120 | $156.00 |
| **Total** | | | **$57,955.75** |

Services in this category were necessary to ensure the Debtors' compliance with the reporting requirements of the Bankruptcy Code and Bankruptcy Rules. Applicant is within budget for this category.

V.    Litigation (B355)

This category includes tasks related to litigation involving the Debtors or the bankruptcy cases. Specific tasks include communications with the Debtors regarding ongoing or potential litigation, including but not limited to, litigation with Radiance and insurers; research and negotiations; preparation of motion to extend time to remove litigation and order on same.

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| William H. Patrick, III | .80 | $495 | $396.00 |
| Tristan Manthey | 18.90 | $445 | $8,410.50 |
| Drew Ballina | 1.00 | $395 | $395.00 |
| Cherie Nobles | .70 | $355 | $248.50 |
| Tiffany Snead | 7.50 | $275 | $2,062.50 |
| Deborah Hepting | 3.55 | $120 | $426.00 |
| LeeAnn Wright | .20 | $120 | $24.00 |
| Total | | | **$11,962.50** |

Services performed under this category were necessary to properly represent the Debtors in connection with such litigation.

W.    Hearings (B360)

This category includes Applicant's preparation for and appearances at hearings before the Bankruptcy Court and review of minute entries related to same.

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas S. Draper | 2.00 | $495 | $990.00 |
| William H. Patrick, III | 13.70 | $495 | $6,781.50 |
| Tristan Manthey | 43.00 | $445 | $19,135.00 |
| Cherie Nobles | 22.40 | $355 | $7,952.00 |

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Tiffany Snead | 6.30 | $120 | $1,732.50 |
| LeeAnn Wright | .20 | $120 | $24.00 |
| Ladonna Bush | 2.70 | $120 | $324.00 |
| Robin Terrebonne | .30 | $120 | $36.00 |
| **Total** | | | **$36,975.00** |

Services performed under this category were necessary to properly represent the Debtors' rights at various hearings.

W.     Lien Analysis (B365)

This category includes tasks related to liens asserted against the Debtors. Specifically, the tasks includes correspondence, research and analysis regarding mineral liens and state tax liens against Debtors.

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| William H. Patrick, III | 3.20 | $495 | $1,584.00 |
| Tristan Manthey | 3.20 | $445 | $1,424.00 |
| Cherie Nobles | 2.30 | $355 | $816.50 |
| Tiffany Snead | 31.70 | $275 | $8,717.50 |
| **Total** | | | **$12,542.00** |

Services performed under this category were necessary to understand liens asserted against the Debtors and their impact on the Debtors' bankruptcy cases.

X.     Regulatory Matters (B370)

This category includes tasks related to regulatory matters involving the Debtors.

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Cherie Nobles | .70 | $355 | $248.50 |
| **Total** | | | **$248.50** |

**Factors Supporting Award of Interim Relief Sought**

17.     In *In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012), the Fifth Circuit ruled that the six factors found in 11 U.S.C. §330(a)(3) are to be considered when awarding compensation to professionals. Under §330, the court "shall consider the nature, the

{00360840-1}

extent, and the value of such services, taking into account all relevant factors," including—

> **(A)** the time spent on such services;
>
> **(B)** the rates charged for such services;
>
> **(C)** whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> **(D)** whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> **(E)** with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> **(F)** whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).

18.    Heller Draper believes that as applied to the firm's services in these cases, the following analysis of the section §330(a)(3) factors is appropriate:

A.  <u>The time spent on such services</u>

The charge for Heller Draper's services in these cases for the period for which compensation is sought totals One Million One Hundred Fifty-Five Thousand Nine Hundred Eighty-Five Dollars and 00/100 ($1,155,985.00) at its hourly rates. Exhibit 8 attached hereto and incorporated by reference herein reflects the time spent and fees sought for the services rendered by the partners and junior associates employed by the Applicant.

B.  <u>The rates charged for such services</u>

Heller Draper seeks fees that are the firm's standard rates.

C. **Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title**

Heller Draper asserts that all services provided to the Debtors were necessary to the administration of and/or beneficial to the bankruptcy cases at the time the services were rendered.

D. **Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed**

Heller Draper submits that the time put into the cases is commensurate with the level of difficulty of the issues presented. When possible, particular projects have been handled by an associate.

E. **With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field**

Heller Draper believes and respectfully submits that its attorneys are highly regarded as experts in the areas of bankruptcy, insolvency, and corporate reorganization in the State of Louisiana. The firm has extensive experience in handling bankruptcy and insolvency matters on behalf of debtors in bankruptcy cases, and has acted as counsel to other debtors in other cases in this district.

F. **Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title**

Heller Draper submits that its fees are fair and reasonable when compared with rates charged by and fees allowed to other counsel of similar experience and expertise in comparable cases.

19. Local Rule 2016-1(B)(1)(d) also requires that the Applicant list any extraordinary circumstances involved in these cases, and provides that as a guide, the

factors set out in *Johnston v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) should be considered. The *Johnston* factors are set forth below:

> (1) The novelty and difficulty of the questions;
> (2) The skill required to perform the legal services properly;
> (3) The preclusion of other employment;
> (4) The customary fee;
> (5) Whether the fee is fixed or contingent;
> (6) Time limitations imposed by the client or circumstances;
> (7) The amount involved and the results obtained;
> (8) The experience, reputation and ability of the attorney;
> (9) The "undesirability" of the case;
> (10) The nature and length of the professional relationship;
> (11) Awards in similar cases.

20.    In compliance with Local Rule 2016-1(B)(1)(d), Heller Draper believes that as applied to the firm's services in these cases, the following analysis of *Johnson* factors is appropriate:

1.    <u>The novelty and difficulty of the questions</u>

These cases have presented issues of greater difficulty.

2.    <u>The skill required to perform the legal services properly</u>

When possible, particular projects have been handled by an associate.

3.    <u>The preclusion of other employment</u>

There has been no preclusion of employment.

4.    <u>The customary fee</u>

See responses contained in paragraph 18(B) & (F) above.

5.    <u>Whether the fee is fixed or contingent</u>

These fees are not on a contingent basis except to the extent that all fees due to professionals for a debtor in a pending bankruptcy proceeding are contingent upon the success of the case and the availability of cash.

6. <u>Time limitations imposed by the client or circumstances</u>

The restructuring support agreement included deadlines for the Debtors to file their plan and disclosure statement, obtain approval of the disclosure statement, and confirm their plan. Therefore, there were time constraints.

7. <u>The amount involved and the results obtained</u>

Heller Draper submits that the amount sought is fully commensurate with the results obtained.

8. <u>The experience, reputation and ability of the attorney</u>

See response contained in paragraph 18(E) above.

9. <u>The "undesirability" of the case</u>

These particular bankruptcy cases are large and complex; thus, they are more time consuming than others.

10. <u>The nature and length of the professional relationship</u>

The firm has represented the Debtors since November 2015.

11. <u>Awards in similar cases</u>

Heller Draper alleges that an order of compensation on the basis prayed for is consistent with awards made in similar cases in this district. Heller Draper further submits that the rates charged reasonably compensate the firm for the services provided by its attorneys and paraprofessionals, given the experience and expertise of each of them. The rates charged are standard rates typically charged by the firm for comparable services provided to other clients.

**WHEREFORE,** Heller, Draper, Patrick, Horn & Manthey, L.L.C., prays that the Court enter an order: (1) granting Heller Draper final allowance of compensation in the

amount of One Million One Hundred Sixty-Six Thousand Eight Hundred Twenty Dollars and 82/100 ($1,166,820.82), representing One Million One Hundred Fifty-Five Thousand Nine Hundred Eighty-Five Dollars and 00/100 ($1,155,985) for services performed and Ten Thousand Eight Hundred Thirty-Five Dollars and 82/100 ($10,835.82) for actual and necessary out-of-pocket expenses advanced by it for the period August 8, 2017 through December 12, 2017, (2) authorizing Heller Draper to apply the twenty percent (20%) holdback of fees incurred from August 8, 2017 through December 12, 2017 to any outstanding amount owed for the same time period, (3) authorizing Heller Draper to apply its retainer in the amount of $5,330.44 to any outstanding amounts owed, (4) granting the compensation sought herein as final, and (5) granting all other general and equitable relief to which they may be entitled.

**Dated: January 8, 2018**

Respectfully submitted,

*/s/ Cherie Dessauer Nobles*
William H. Patrick III, La. Bar No. 10359
Tristan E. Manthey, La. Bar No. 24539
Cherie Dessauer Nobles, La. Bar No. 30476
**Heller, Draper, Patrick, Horn & Manthey, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300
Fax: 504-299-3399
**Counsel for Debtors and Debtors and Possession**