# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| IN RE:<br><br>KNIGHT ENERGY HOLDINGS, LLC, *ET AL.* [1]<br><br>DEBTORS | CASE NO. 17-51014<br><br>(JOINTLY ADMINISTERED)<br><br>CHAPTER 11<br><br>JUDGE ROBERT SUMMERHAYS |

### MOTION FOR ENTRY OF FINAL DECREE IN CERTAIN CASES

**NOW INTO COURT**, through undersigned counsel, comes Knight Oil Tools, LLC; Knight Manufacturing, LLC; KDCC, LLC, f/k/a Knight Well Services, LLC; Tri-Drill, LLC; Advanced Safety & Training Management, LLC; Knight Security, LLC; Knight Information Systems, LLC; El Caballero Ranch, Inc.; Rayne Properties, LLC; Knight Aviation, LLC; Knight Research & Development, LLC; Knight Family Enterprises, LLC; HMC Leasing, LLC; and HMC Investments, LLC, as reorganized debtors (collectively, the "Moving Debtors"), who move (the "Motion") this Court for the entry of a final decree in each of their bankruptcy cases, which are identified on Exhibit "A" attached hereto, with the lead case of Knight Energy Holdings, LLC (Case No. 17-51014) remaining open for all purposes, on the following grounds:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Knight Energy Holdings, LLC (1930) (Case No. 17-51014); Knight Oil Tools, LLC (2667) (Case No. 17-51015); Knight Manufacturing, LLC (0600) (Case No. 17-51016); KDCC, LLC, f/k/a Knight Well Services, LLC (4156) (Case No. 17-51017); Tri-Drill, LLC (4957) (Case No. 17-51018); Advanced Safety & Training Management, LLC, (0510) (Case No. 17-51019); Knight Security, LLC (0923) (Case No. 17-51020); Knight Information Systems, LLC (9787) (Case No. 17-51021); El Caballero Ranch, Inc. (7345) (Case No. 17-51022); Rayne Properties, LLC (7235) (Case No. 17-51023); Knight Aviation, LLC (3329) (Case No. 17-51024); Knight Research & Development, LLC (3760) (Case No. 17-51025); Knight Family Enterprises, LLC (7190) (Case No. 17-51026); HMC Leasing, LLC (0814) (Case No. 17-51027) and HMC Investments, LLC (8254) (Case No. 17-51029). The Debtors' service address is 2727 SE Evangeline Thruway, Lafayette, Louisiana 70508 other than Knight Manufacturing, LLC and Advanced Safety & Training Management, LLC. Knight Manufacturing, LLC's service address is 2810-A Melancon Road, Broussard, Louisiana 70518 and Advanced Safety & Training Management, LLC's service address is 2725 SE Evangeline Thruway, Lafayette, Louisiana 70508.

**Background**

1. On August 8, 2017, (the "Petition Date") Knight Energy Holdings, LLC ("KEH") and the Moving Debtors (collectively, the "Debtors") filed for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors' Chapter 11 cases have been jointly administered and consolidated for procedural purposes under the lead case KEH, case number 17-51014.

3. On December 1, 2017, this Court entered an order (the "Confirmation Order") [P-576] confirming the *Debtors' Joint Chapter 11 Plan of Reorganization as of November 29, 2017* (hereinafter referred to as the "Plan") [P-573][2]. The Plan became effective on December 12, 2017 [P-589].

4. Currently pending in the main case, KEH, are several objections to Claims and the *Motion for Order in Aid of Consummation of Debtors' Joint Chapter 11 Plan of Reorganization as of November 29, 2017 and for Order Releasing, Discharging and Cancelling Any Lien of Grace River Ranch, LLC Against the Escrowed Funds* [P-706]. The Debtors expect to file additional objections to Claims in the main case.

**Law and Argument**

5. Section 350(a) of the Bankruptcy Code provides that "after an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 provides that, "after an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed.R.Bankr.P. 3022.

6. The Moving Debtors' estates have been fully administered within the meaning of Bankruptcy Code Section 350(a), which provides that, "[a]fter an estate is fully administered and

---
[2] Capitalized terms not defined herein are as defined in the Plan.

the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Further, Federal Rule of 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") implements the Bankruptcy Code's requirements, providing that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

7. While the Bankruptcy Code does not define the term "fully administered," the Advisory Committee's Note to Bankruptcy Rule 3022 provides a non-exhaustive list of factors for a court to consider in determining whether an estate has been fully administered. These include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. These considerations are intended to "serve as merely a guide", and each factor does not need to be present in a particular case for the court to enter a final decree. *See In re Clayton*, 101 F.3d 697 (5th Cir. 1996).

8. Here, this Court confirmed the Plan on December 1, 2017 and it went effective on December 12, 2017. The Confirmation Order was never appealed and has since become final. Additionally, any deposits or property transfers provided for under the Plan, if applicable, have been completed and KEH and the Moving Debtors have assumed the business and management of the Debtors' assets. Further, distributions provided for under the Plan have commenced. Specifically, the Debtors have commenced distributions to holders of Allowed Claims in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 3 (JPM Commercial Loan

Claims), Class 4 (JPM Consumer Loan Claims), Class 5 (Iberia Loan Claims), Class 6 (Secured Senior Credit Facility Claims), Class 7 (Mineral Contractor Claims), and Class 8 (Unsecured Convenience Class Claims). The Debtors are in the process of filing claim objections and therefore, have not made distributions yet to Class 9 (General Unsecured Claims). Finally, all motions and applications, adversary proceedings, or other contested matters in the Moving Debtors' cases have been resolved. Therefore, the Moving Debtors submit that their estates have been fully administered under Section 350(a).

9. Courts have also considered whether a debtor's plan of reorganization has been substantially consummated when determining whether to issue a final decree. *In re JCP Properties, Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015). Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1102(2)(A)-(C).

10. As explained above, the Moving Debtors assert that the Plan has been substantially consummated as to entitle them to the entry of a final decree in their respective cases. First, any transfers of property required by the Moving Debtors under the plan have been finalized. Second, KEH and the Moving Debtors have assumed the management of the Debtors and the Debtors' assets. Finally, distributions under the Plan have commenced. Therefore, the Moving Debtors submit that the Plan has been substantially consummated as that term is defined under Section 1101(2).

11. Finally, courts have held that entry of a final decree is appropriate in order to stop the accrual of fees under 28 U.S.C. § 1930. *See In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522 (Bankr. E.D. Ark. 1996); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997). The Moving Debtors submit that entry of a final decree closing these chapter 11 cases will stop the accrual of Section 1930 fees, further supporting approval of this Motion.

12. Notwithstanding the closing of the Moving Debtors' cases, the Court shall retain jurisdiction over and the estate of KEH, the main case, shall remain open to the fullest extent provided for under the Plan, including, but not limited to, the following: (a) objecting to Claims, (b) resolution of all pending objections to Claims, (c) resolution of any matters related to Executory Contracts or Unexpired Leases; (d) ensuring distributions to holders of Allowed Claims are accomplished pursuant to the Plan and adjudicating any disputes arising from or related to such distributions; (e) resolution of any motions, applications, adversary proceedings, contested or litigated matters pending on the Effective Date, (f) entering and implementing such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of (i) contracts, instruments, releases, indentures, and other agreements or documents approved by Final Order in the Chapter 11 Cases and (ii) the Plan, the Confirmation Order, and contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan; (g) resolution of any matters affecting the Distribution of funds under the Plan, (h) enforcing any order for the sale of property; (i) granting any consensual request to extend the deadline to assume or reject Unexpired Leases; (j) issuing injunctions, entering and implementing other orders, or taking such other actions as may be necessary or appropriate to restrain interference by any entity with Consummation or enforcement of the Plan; (k) hearing any cases, matters, controversies, suits, disputes, Causes of Action in connection with the Plan;

(l) entering and implementing such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated; (m) considering any modifications to the Plan, to cure any defect or omission or to reconcile any inconsistency in the Bankruptcy Court order, including the Confirmation Order; (n) hearing and determining matters concerning state, local and federal taxes in accordance with section 346, 505, and 1146 of the Bankruptcy Code; (o) entering an order or final decree in the KEH main case; (p) enforcing all orders previously entered by the Bankruptcy Court; and (q) hearing any matter not inconsistent with the Bankruptcy Code or applicable law.

13. Similar relief was granted in *In re Whistler Energy II, LLC*, Case No. 16-10661 (Bankr. E.D.La. 2018) [P-699] (The Court closed case but reserved jurisdiction over pending and future proceedings to the extent provided for under the debtor's plan); *In re Louisiana Riverboat Gaming Partnership, et al*, Case No. 08-10824 (Bankr. W.D.La. March 29, 2010) [P-872] (the Court closed and entered final decrees in the affiliate cases, but left open the main case to address any remaining Disputed Claims) [P-872]); and in *In re Communications Corporation of America, et al*, Case No. 06-50410 (Bankr. W.D.La. March 24, 2008) [P-1039] (same).

14. A Chapter 11 Final Accounting for all of the Moving Debtors shall be attached to KEH's motion for final decree.

15. Accordingly, for the foregoing reasons, the Moving Debtors request that (a) the Court enter a final decree pursuant to 11 U.S.C. §350(a) in each of the bankruptcy cases identified on Exhibit "A" attached hereto, and (b) the main case, KEH, remain open for all purposes and the Court shall reserve jurisdiction to the fullest extent provided for in the Plan.

**WHEREFORE**, Knight Oil Tools, LLC; Knight Manufacturing, LLC; KDCC, LLC, f/k/a Knight Well Services, LLC; Tri-Drill, LLC; Advanced Safety & Training Management,

{00362077-3}

17-51014 - #729  File 04/11/18  Enter 04/11/18 15:11:45  Main Document  Pg 6 of 8

LLC; Knight Security, LLC; Knight Information Systems, LLC; El Caballero Ranch, Inc.; Rayne Properties, LLC; Knight Aviation, LLC; Knight Research & Development, LLC; Knight Family Enterprises, LLC; HMC Leasing, LLC; and HMC Investments, LLC respectfully request that this Court enter a final decree pursuant to 11 U.S.C. §350(a) in each of the bankruptcy cases identified on Exhibit "A" attached hereto, the main case, KEH, remain open for all purposes and the Court shall reserve jurisdiction to the fullest extent provided for in the Plan, and for all other general and equitable relief to which they may be entitled to.

Dated: April 11, 2018.

Respectfully submitted,

*/s/ William H. Patrick, III*
William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey, (La. Bar No. 24539)
Cherie Dessauer Nobles, (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn &Manthey, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300 // Fax: 504-299-3399
**Counsel for the Reorganized Debtors**

# EXHIBIT A

Knight Oil Tools, LLC (Case No. 17-51015)

Knight Manufacturing, LLC (Case No. 17-51016)

KDCC, LLC, f/k/a Knight Well Services, LLC (Case No. 17-51017)

Tri-Drill, LLC (Case No. 17-51018)

Advanced Safety & Training Management, LLC (Case No. 17-51019)

Knight Security, LLC (Case No. 17-51020)

Knight Information Systems, LLC (Case No. 17-51021)

El Caballero Ranch, Inc. (Case No. 17-51022)

Rayne Properties, LLC (Case No. 17-51023)

Knight Aviation, LLC (Case No. 17-51024)

Knight Research & Development, LLC (Case No. 17-51025)

Knight Family Enterprises, LLC (Case No. 17-51026)

HMC Leasing, LLC (Case No. 17-51027)

HMC Investments, LLC (Case No. 17-51029)